## THE ACORN.

### DENNY and others *v.* THE ACORN.

*(District Court, W. D. Pennsylvania. August 31, 1887.)*

MARITIME LIENS—CONTRACT FOR SERVICES—REFUSAL TO ACCEPT.
  Mariners hired for a voyage, who, pursuant to the contract, presented themselves at the wharf where the boat lay, and offered their services, but without good reason were refused admission to the boat, may sue *in rem* in admiralty for their stipulated wages, the boat having prosecuted the voyage.

In Admiralty. *Sur* exceptions to libel.
*Geo. C. Wilson,* for exceptants.
*E. J. Smail,* for libelants.

ACHESON, J. According to the allegations of the libel, which for the present must be accepted as true, the libelants were hired as firemen on the steam-boat Acorn, for a trip from Pittsburgh to Cincinnati or Louisville, at certain wages; and, pursuant to the terms of the hiring, presented themselves at the wharf where the boat lay, ready and desirous to perform their part of the contract, but were refused admission to the boat, without good reason, other persons having been hired in their places. It was then too late for the libelants to procure employment on that rise upon any other boat, and thus they lost a trip. The Acorn made the voyage for which the libelants were hired.

Upon such a state of facts, why may not the libelants proceed *in rem* against the boat in this court for redress? They sue, not, as is supposed, for damages for breach of the contract, but for their stipulated wages, to which they are as much entitled as if there had been actual performance on their part. *Kirk* v. *Hartman,* 63 Pa. St. 97. If, after a voyage has begun, it is lost or abandoned by the wrongful act of the owner or master, it is not to be doubted that the seamen are entitled to full wages, recoverable in admiralty by suit *in rem. Sheppard* v. *Taylor,* 5 Pet. 675, 710. It has been distinctly held, also, that where a mariner has been improperly discharged from a vessel after shipping articles have been signed, but before the commencement of the voyage, he may sue in admiralty for his agreed wages, the voyage for which he was engaged having been prosecuted. *The City of London,* 1 W. Rob. 88. To the like effect was the ruling in the case of *The Dolphin,* 6 Ben. 402. I deem it unimportant that the libelants did not actually enter upon any maritime service, since they were wrongfully prevented by the owners of the boat or their agent from going aboard the Acorn.

The exceptions to the libel are overruled.