## THE ST. PAUL.

### CLARK et al. v. THE ST. PAUL.

(District Court, S. D. New York. January 28, 1897.)

SEAMEN—SHIPPING ARTICLES—DISCHARGE BEFORE VOYAGE BEGAN—REV. ST. § 4527—WAGES ALLOWED.

Seamen who have signed shipping articles for a foreign voyage on a steamship, and in pursuance of the articles have presented themselves for the service of the ship several times, and are finally discharged before the commencement of the voyage in consequence of an accident to the steam pipe which renders their discharge proper, may recover compensation in rem under section 4527 of the Revised Statutes for the period of the voyage, not exceeding the one month specified in the statute.

This was a libel by Henry Clark and others against the steamer St. Paul to recover seamen's wages.

Griffin & Fitzgerald, for libelants.
Robinson, Biddle & Ward, for claimants.

BROWN, District Judge. On the 14th of December, 1895, the libelants were shipped by the master of the steamship St. Paul, as firemen for a voyage from New York to Southampton and back, at various rates of wages. Shipping articles were signed by all. In accordance with the provisions of the articles, the libelants, on the 18th of December, presented themselves at the dock where the ship lay, prepared to enter upon their work. A break, however, had occurred in the main steam pipe leading to the port engine of the steamship, rendering that engine useless, but not interfering with the working of the starboard engine, under which the steamship might have made the voyage, though much more slowly than her customary passage. On the 18th the libelants were notified of the accident to the steam pipe, and that they were not then wanted, but were told to present themselves again on the 19th, which they did, and were then told to present themselves again on the following day. Coming again on the 20th, they were told that the steamship could not be repaired in time to make her voyage; and they were thereupon discharged from the service of the vessel and told to apply to the shipping commissioner for their wages. Through the shipping commissioner they received three days' wages, protesting, however, that they were entitled to wages for the voyage, and that the receipt of three days' wages should not prejudice any of their rights or remedies.

I think the discharge of the libelants under the circumstances was reasonable and justifiable (see The Elizabeth, 2 Dod. 403), and except for the statute, probably no further wages or compensation could have been recovered by them. Section 4527 of the Revised Statutes, however, provides as follows:

"Any seaman who has signed an agreement and is thereafter discharged before the commencement of the voyage, or before one month's wages are earned, without fault on his part justifying his discharge, and without his consent, shall be entitled to receive from the master or owner in addition to any wages he may have

earned a sum equal in amount to one month's wages as compensation, and may on adducing evidence satisfactory to the court hearing the case, of having been improperly discharged recover such compensation as if it were wages duly earned."

The claim presented is not according to the letter of the statute, i. e., for a month's compensation; but only for 15 days, the residue of 18 days, which is the ordinary period of the voyage of the St. Paul out and back.

Several objections have been raised to a recovery under the above statute. Upon consideration, however, I must overrule them, upon what I think was the clear intent of the statute, to make provision for seamen who are certain to suffer loss through a discharge without their fault. The statute provides expressly for this very case, viz., a discharge "before the commencement of the voyage," after an agreement has been signed. The seamen in this case had bound themselves from the 14th of December. They had to maintain themselves from that time until the 20th, and then, after discharge, they must suffer some additional delay before other employment could be got by a shipment for some other voyage.

Seamen, as a class, are dependent and necessitous; and needed protection is in various ways provided for them, not only in courts of admiralty, but by statutory provisions. The wages for the voyage being in this case less than the statutory provision for a month's wages, the claim presented seems to me very clearly within the equity and the intent of the statute; and the same also as respects the right to proceed in rem. This is clearly the meaning of the last clause of the statute. I see no reason for making any difference, as regards the remedy, between the last clause and the first; and I do not think the statute intended any difference. See The Acorn, 32 Fed. 638.

Aside from this, however, the shipping articles made a binding contract between the seamen and the ship. Upon three different days, in performance of the contract, the seamen presented themselves at the ship to enter upon the voyage. This was not only a part performance of the contract on their part, but they were under the direction and control of the master or other representative of the ship upon those three different occasions, and acted under and in conformity with their orders. The analogy to cargo delivered on the dock to the ship's officers, or under their control, seems to be complete and pertinent. In the leading case on this subject (Pollard v. Vinton, 105 U. S. 7, 11) Mr. Justice Miller said:

"We do not mean that the goods must have been actually placed on the deck of the vessel. If they came within the control and custody of the officers of the boat for the purpose of shipment, the contract of carriage had commenced, and the evidence of it in the form of the bill of lading, would be binding."

In the case of The Ira Chaffee, 2 Fed. 401, Mr. Justice Brown, then district judge, says:

"It must now be considered as settled that if the ship enters upon the performance of its work or any step has been taken towards such performance, the ship becomes pledged to the complete execution of the contract and may be proceeded against in rem for a nonperformance."

The repair of the men to the dock on three different days after the shipping articles were signed, and the exercise of control over them by the master or other representative of the ship, brings them within this rule. See The Caroline Miller, 53 Fed. 136; Crenshawe v. Pearce, 37 Fed. 432, 435.

Decree for the libelants for the amounts claimed, with costs.