## THE MOSHULU.

(District Court, N. D. California, First Division. October 5, 1921.)

### Nos. 17277, 17290.

Seamen ☞33—Not entitled to recover penalty for nonpayment of wages from fund belonging to mortgagee.

    The provision of Seamen's Act, § 3 (Comp. St. § 8320), that a master or owner who refuses or neglects to pay wages as therein required shall pay a sum equal to two days' wages for every day payment is delayed, does not entitle a seaman to recover such penalty from a fund belonging to a lien-holder or mortgagee and in which neither the master nor owner has any interest.

In Admiralty. Suit by E. Sjogren and others against the sailing ship Moshulu. Previous order modified.

Ira S. Lillick and J. A. Olson, both of San Francisco, Cal., for libelants.

John T. Williams, U. S. Atty., and Frederick Milverton, Sp. Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

DOOLING, District Judge An order was heretofore entered on September 26, 1921, directing a decree allowing those libelants who are seamen, and suing for wages as such, the penalty fixed by statute of two days' pay for each day that payment of their wages has been withheld. At the time such order was entered the court had no knowledge that there were other claimants having a lien upon the funds. The court did know, however, that a claim for the remnants was made by the United States, as mortgagee of the vessel sold. No decree has as yet been entered, and the court still has the power to correct the error which it believes it committed in its former order.

The statute awarding penalties provides that:

"Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seamen a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court." R. S. § 4529 (Comp. St. § 8320).

In the present case neither the master nor the owner has any interest in the fund now in the registry of the court resulting from the sale of the vessel. To allow the penalties would be to transfer the burden thereof from the master and owner to the lienholders and the mortgagee. This I do not believe was ever contemplated, or intended, by Congress in enacting the statute in question. The order heretofore entered will therefore be modified to read as follows:

It is ordered that libelants recover the amount of wages actually earned as found by the commissioner, with interest thereon at 7 per cent. from July 9, 1921. Their claim for penalties will be disallowed. Let a decree be entered accordingly.