## THE NIKA.

### BUSHMAN et al. v. TODD DRY DOCKS et al.

(District Court, W. D. Washington, N. D. December 9, 1922. On Rehearing March 22, 1923.)

### No. 7040.

1. **Seamen ⟨⟩27—Penalty for delay in payment of seamen's wages, together with wages, preferred lien on vessel.**

Under Rev. St. § 4529 (Comp. St. § 8320), providing a penalty of two days' wages for each day's delay in the payment of a seaman's wages, and making such penalty recoverable as wages, *held*, that both wages and penalties are a lien on the vessel prior to the claims of other creditors, and financial difficulties of the owner do not change the rule.

### On Rehearing.

2. **Admiralty ⟨⟩86—Commissioner's findings, classifying services as salvage, conclusive, in absence of exceptions.**

In libel for seamen's wages, salvage claims, and other charges, the finding of the commissioner, classifying interveners' claims as salvage services, is conclusive, where no exceptions were filed to such classification.

3. **Admiralty ⟨⟩1—Equitable principles may be applied in distributing proceeds.**

While a court of admiralty has no general equity jurisdiction to afford relief in a direct proceeding, it may apply established principles in the distribution of proceeds under its control and give effect to equitable principles.

4. **Seamen ⟨⟩27—Salvage claims prior in right to claims of seamen for extra wages.**

Where the sale of a vessel libeled left a fund after payment of seamen's wages insufficient to pay either the salvage claims or the claims of seamen for extra pay, under Rev. St. § 4529 (Comp. St. § 8320), *held*, that the salvage claims were entitled to priority as over extra pay claims of seamen.

5. **Seamen ⟨⟩27—Liens for salvage claims outrank prior seamen's wages.**

Salvage service, which protects the res, and without which service the security of the seamen might be lost, outranks prior seamen's wages.

In Admiralty. Libel by Hans Bushman and others for wages, transportation, and sustenance as seamen on the steamship Nika, in which the Todd Dry Docks and others intervened. Decree rendered, adjudicating respective liens of plaintiffs and interveners.

G. F. Vanderveer, of Seattle, Wash., for libelants.

Huffer & Hayden, of Seattle, Wash., for respondents.

Bogle, Merrit & Bogle, Cosgrove & Terhune, James Kiefer, Hastings & Stedman and Stratton & Kane, all of Seattle, Wash., William B. Acton and Wm. Denman, both of San Francisco, Cal., and Ralph S. Pierce, of Seattle, Wash., for intervening libelants.

NETERER, District Judge. [1] The only issue before the court is whether seamen are entitled to receive a sum equal to two days' pay for each and every day during which payment is delayed without sufficient cause. Rev. St. § 4529 (Comp. St. § 8320) provides:

"Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seamen

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court."

This section has recently been construed by the Circuit Court of Appeals in Gerber v. Spencer, 278 Fed. 886. This case was tried before the writer. There is much similarity of the facts in this case. Financial difficulties in that case, as in this, prevented payment. Judge Hunt, for the court, at page 889, said:

"The purpose of the statute * * * is to secure to the seamen an amount as extra pay by way of compensation for delay. The extra pay is an incident to the claim of wages proper."

And he adopted the expression of Judge Choate in Covert v. The Wexford (D. C.) 3 Fed. 577, in which he decreed a lien on the vessel, holding a mere right to enforce a personal claim of no value. The Seamen's Act of March 4, 1915 (Comp. St. § 8320), employing the language above given, "which sum shall be recoverable as wages in any claim made before the court," gave congressional approval of the construction given by Judge Choate, supra. Judge Hunt, in Gerber v. Spencer, 278 Fed. at page 890, further says:

"The general rule that rights of other creditors are subordinate to claim for wages is applicable. The rights of seamen have always been cautiously guarded by statute and the courts should make their decrees in accord with the spirit and intent of the law to protect the seamen."

This language is conclusive, and an order may accordingly be presented.

### On Rehearing.

The vessel was sold for $5,200. Seamen's wages were established in open court for $3,798.07, and by consent of all the parties were paid, and the cause referred to the commissioner to take testimony and to report findings and conclusions of salvage claims. The commissioner found salvage claims in excess of $3,000 and a mortgage on the vessel for $17,000. The only issue heretofore considered was the rank of *extra* pay to seamen for delay of payment as against liens other than salvage. Attention is called to the fact that salvage claims should rank seamen's wages for prior service, and that the commissioner found that the ship's voyage terminated "through accident," which resulted in valid salvage claims being established against the fund in the registry of the court.

[2] No exceptions are filed to this classification of the interveners' claims as salvage services. This finding is conclusive. Sheppard v. Taylor, 30 U. S. (5 Pet.) 675 (9 Curt.), 8 L. Ed. 269. The wages having been paid on consent without prejudice to the rights of the intervening libelants, except as to the amount of the seamen's wages paid, the parties are therefore not foreclosed from now raising this issue.

[3] Whether the court, upon the record, would hold the claim of interveners a salvage service to outrank the prior wages of the seamen need not be determined. The application of established principles of equity presents a strong case for the salvage claimants, and while a court of admiralty has no general equity jurisdiction to afford

relief in a direct proceeding, it may apply established principles in the distribution of proceeds under its control and give effect to equitable claims. Sheppard v. Taylor, supra; U. S. v. Cornell S. S. Co., 202 U. S. 184, 26 Sup. Ct. 648, 50 L. Ed. 987. In this case the court, at page 194 of 202 U. S., at page 651 of 26 Sup. Ct. (50 L. Ed. 987), said:

"Although courts of admiralty have no general equity jurisdiction, and cannot afford equitable relief in a direct proceeding for that purpose, they may apply equitable principles to subjects within their jurisdiction, and in the distribution of proceeds in their possession or under their control may give effect to equitable claims."

[4] Bearing in mind that the wages of the seamen were paid to the end of the voyage, that the interveners did render a valuable service, and that the extra pay to the seamen will exhaust the fund, the application of the balance in the fund to the salvage claims appears in harmony with equitable principles applicable to the situation.

[5] In this connection it may be said it appears to be uniformly held that a salvage service, which protects the res, and without which service the security of the seamen might be lost outranks prior seamen's wages. The Mary Anne, 9 Jur. 94, Law Rpts, 1 A. & E. and 13 L. T. N. S. 384; The Panthea, 1 Asp. Mar. Marine Cas. 133; Collins v. Ft. Wayne, 6 Fed. Cas. No. 3012, 120; The City of Tawas (D. C.) 3 Fed. 170; The Athenian (D. C.) 3 Fed. 248; The Conveyor (D. C.) 147 Fed. 586; The Paragon, Fed. Cas. No. 10,708; Hughes on Adm. 380; 26 Cyc. 806.