## THE GREAT CANTON.

(District Court, E. D. New York. May 12, 1924.)

1. Seamen ⚖➡19—Termination of employment on sale of vessel by United States marshal held a "discharge," within statutes as to compensation.

Termination of employment of seaman, when boat was taken into custody by United States marshal on a monition and subsequently sold by him, held a "discharge," within Rev. St. § 4527 (Comp. St. § 8318), entitling seaman, discharged before commencement of voyage, or before one month's wages are earned, without fault on his part, to a month's wages, and section 4529 (section 8320), allowing discharged seaman two days' pay for every day during which payment is delayed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Discharge.]

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Seamen** ⬧⟿27—**Entitled to lien on premature discharge or delay in payment.**

> Seamen entitled to one month's wages on premature discharge, under Rev. St. § 4527 (Comp. St. § 8318), or to two days' pay for one on delay in payment,' under section 4529 (section 8320), have a lien on the vessel therefor.

In Admiralty. Libel by George Andres and others against the steamship Great Canton, her engines, etc. On exceptions to report of special master. Overruled.

Cutting, Phillips & Hall, of New York City (Walter B. Hall, of New York City, of counsel), for libelants.

Courtland Palmer, of New York City, for Morse Dry Dock & Repair Co.

Frederick R. Graves, of New York City (Simon N. Gazan, of New York City, of counsel), for intervening libelants.

Lord, Day & Lord, of New York City (George De Forest Lord, of New York City, of counsel), for Engel Supply Co.

GARVIN, District Judge. A final decree was entered herein on the report of a special master, which found that various sums were due libelants. A part of the report was satisfactory to all parties, but as to certain findings there were objections, and the decree was finally opened in order that exceptions filed by the Morse Dry Dock & Repair Company, a lienor, might be heard at length. These exceptions are upon the following grounds: (1) Allowing the libelants who are seamen to recover an extra month's wages under R. S. § 4527 (Comp. St. § 8318), as and for an improper discharge, and allowing said libelants a maritime lien therefor, and making said lien a preferred lien. (2) In also allowing said libelants to recover two days' pay for one, under section 4529, R. S. (Comp. St. § 8320), and allowing a maritime lien therefor.

The boat was taken into custody by the United States marshal on January 9, 1924, at the instance of certain libelants (not the seamen whose claims are involved), on a monition, and was subsequently sold by him. The libelants (seamen) claim that this constituted a discharge, and that they are entitled to receive an extra month's wages, amounting to $4,027.50, as the commissioner has found. Section 4527 reads as follows:

> "Any seaman who has signed an agreement and is afterward discharged before the commencement of the voyage or before one month's wages are earned, without fault on his part justifying such discharge, and without his consent, shall be entitled to receive from the master or owner, in·addition to any wages he may have earned, a sum equal in amount to one month's wages as compensation and may, on adducing evidence satisfactory to the court hearing the case, of having been improperly discharged, recover such compensation as if it were wages duly earned."

[1] I am of the opinion that the discharge, under the authority of Gerber v. Spencer (C. C. A.) 278 Fed. 886, and The Astoria (C. C. A.) 281 Fed. 618, made allowance of the extra month's wages proper. The Acropolis, 1 American Mar. Cases, No. 8, p. 787, refused to allow a penalty of double wages for delayed payment, under R. S. §

---

⬧⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4529, after seizure under process; but in that case a petition in bankruptcy was filed against the owner, who was thereby divested of his entire estate and consequently unable to make payment. In the case at bar there is nothing before the court which justifies a finding that the owner of the vessel seized was without funds, and in view of the cases of Gerber v. Spencer and The Astoria, supra, which are directly in point, The Acropolis, which is clearly distinguishable, is not to be considered an authority for the general principle that a seizure excuses the ship.

[2] It is contended that, even if it should be conceded that the discharge was wrongful, there is nothing in the statute creating a lien on the vessel for the penalty; that the right of recovery is against the master or owner. But with this claim the court is not prepared to agree. The St. Paul (D. C.) 77 Fed. 998, in an opinion by Judge Addison Brown, is contra. In it he cites The Acorn, 32 Fed. 638, which in turn refers to Sheppard v. Taylor, 5 Pet. 675, 8 L. Ed. 269, in which Judge Story writes of the remedies of seamen against the ship. The latter two cases forcefully assert the rights of seamen in rem, and Judge Brown's conclusion that seamen were intended by Congress to have such a right to proceed in rem for the full month's wages is not to be lightly disregarded.

The same reasoning applies to the claim of libelants for two days' wages for one, on failure to pay the crew, under R. S. § 4529, as contracts with regard to the extra month's wages. Section 4529 provides:

"The master or owner of any vessel * * * making foreign voyages, * * * within twenty-four hours after the cargo has been discharged, or within four days after the seaman has been discharged, whichever first happens; and in all cases the seaman shall be entitled to be paid at the time of his discharge on account of wages a sum equal to one-third part of the balance due him. Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court."

The exceptions are overruled.