COLLIE ET AL. *v.* FERGUSSON ET AL.

No. 423.   Argued January 13, 1930.—Decided February 24, 1930.

*Mr. Jacob L. Morewitz,* with whom *Mr. Percy Carmel* was on the brief, for petitioners.

*Messrs. Leon T. Seawell* and *Henry Bowden,* with whom *Messrs. D. Arthur Kelsey, R. Arthur Jett, Walter Sibert* and *Samuel E. Forwood* were on the brief, submitted for respondents.

MR. JUSTICE STONE delivered the opinion of the Court.

This case is here on writ of certiorari, granted October 28, 1929, to review a decree of the Court of Appeals for the Fourth Circuit, which affirmed, without opinion, a decree of the District Court of Eastern Virginia, denying, also without opinion, the claims of petitioners, who are seamen, for double wages for "waiting time," under R. S. § 4529; Tit. 46, U. S. Code, § 596; (Act of July 20, 1790, c. 29, § 6, 1 Stat. 133; Act June 7, 1872, c. 322, § 35, 17 Stat. 269, as amended, Act December 31, 1898, c. 28, § 26, 30 Stat. 764; Act March 4, 1915, c. 153, § 3, 38 Stat. 1164).

The power boat " Dola Lawson," licensed for coastwise trade, and Fergusson, her owner, were libelled for repairs and materials supplied to the vessel. Intervening petitions were filed, setting up claims for wages and the statutory allowance for waiting time in the case of the present petitioners, and for repairs, materials and supplies in the case of other libellants. The vessel was sold by order of the court, and the proceeds, which are insufficient to satisfy the claims allowed, were paid into the registry of the court to the credit of the cause.

The employment of two of the petitioners was terminated by the seizure of the vessel. That of the third, Rowe, was terminated by mutual consent some six months before the seizure. There was evidence from which the trial court might have concluded that he consented to deferred payment of his wages because of the financial necessities of the owner. It was admitted on the argument that the owner, because of his insolvency, was unable to pay seamen's wages and that petitioners must look alone to the proceeds of the vessel for the satisfaction of their

claims,—admissions which find support in the confused, and in many respects unsatisfactory, record.

The District Court denied petitioners' claims for double wages for waiting time, but decreed payment of the wages due, with interest, as prior liens. Although the other lienors did not appeal, the court, at their instance, but for reasons which do not appear, suspended the decree pending the appeal, so that the wages allowed could not be paid from the proceeds of the vessel. To the amounts found due the petitioners, the Court of Appeals added interest until payment.

Section 4529, so far as relevant, provides: " The master or owner of any vessel making coastwise voyages shall pay to every seaman his wages within two days after the termination of the agreement under which he was shipped, or at the time such seaman is discharged, whichever first happens. . . . Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned, without sufficient cause, shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed . . ., which sum shall be recoverable as wages in any claim made before the Court . . ."

The claim for double wages which, when valid, is by the terms of the statute " recoverable as wages," has been held to be embraced in the seaman's lien for wages with priority over other liens, and governed by the procedure applicable to suits for the recovery of seamen's wages. *The Trader,* 17 F. (2d) 623; *Gerber v. Spencer,* 278 Fed. 886; *The Nika,* 287 Fed. 717; *The Great Canton,* 299 Fed. 953; *The Fort Gaines,* 18 F. (2d) 413; *The St. Paul,* 77 Fed. 998; *Buckley v. Oceanic S. S. Co.,* 5 F. (2d) 545; *The Charles L. Baylis,* 25 Fed. 862; *The British Brig Wexford,* 3 Fed. 577; *Cox v. Lykes Brothers,* 237 N. Y. 376; cf. *The Morning Star,* 1 F. (2d) 410, 411.

With these rulings as a premise, petitioners argue that the statutory allowance is compensatory; that it accrues upon mere delay in payment of wages, and may be recovered by including it in petitioners' liens for wages, which have priority over the liens of materialmen, notwithstanding the general rule that events subsequent to the seizure do not give rise to liens against a vessel *in custodia legis.* See *The Young America,* 30 Fed. 789, 790; *The Nisseqoque,* 280 Fed. 174, 181; *The Grapeshot,* 22 Fed. 123. Cf. *New York Dock Co.* v. *The Poznan,* 274 U. S. 117.

But the increased payment for waiting time is not denominated wages by the statute, and the direction that it shall be recovered as wages does not purport to affect the condition prerequisite to its accrual, that refusal or neglect to pay shall be without sufficient cause. The phrase " without sufficient cause " must be taken to embrace something more than valid defenses to the claim for wages. Otherwise, it would have added nothing to the statute. In determining what other causes are sufficient, the phrase is to be interpreted in the light of the evident purpose of the section to secure prompt payment of seamen's wages (H. R. Rep. 1657, Committee on the Merchant Marine and Fisheries, 55th Cong., 2nd Sess.) and thus to protect them from the harsh consequences of arbitrary and unscrupulous action of their employers, to which, as a class, they are peculiarly exposed.

The words " refuses or neglect to make payment . . . without sufficient cause " connote, either conduct which is in some sense arbitrary or wilful, or at least a failure not attributable to impossibility of payment. We think the use of this language indicates a purpose to protect seamen from delayed payments of wages by the imposition of a liability which is not exclusively compensatory,

but designed to prevent, by its coercive effect, arbitrary refusals to pay wages, and to induce prompt payment when payment is possible. Hence we conclude that the liability is not imposed regardless of the fault of the master or owner, or his retention of any interest in the vessel from which payment could be made. It can afford no such protection and exert no effective coercive force where delay in payment, as here, is due to the insolvency of the owner and the arrest of the vessel, subject to accrued claims beyond its value. Together these obstacles to payment of wages must be taken to be a sufficient cause to relieve from the statutory liability. *The Trader, supra; Feldman* v. *American Palestine Line, Inc., supra.* Cf. *Gerber* v. *Spencer, supra.* Otherwise, it would not be imposed on the owner directly or through his interest in the ship, but only upon the lienors, who are neither within the letter nor the spirit of the statute.

That the liability is not incurred where the refusal to pay is in some reasonable degree morally justified, or where the demand for wages cannot be satisfied either by the owner or his interest in the ship, has been the conclusion reached with practical unanimity by the lower federal courts. *The Wenonah,* Fed. Cas. No. 17, 412; *The General McPherson,* 100 Fed. 860; *The Alice B. Phillips,* 106 Fed. 956; *The George W. Wells,* 118 Fed. 761; *The Express,* 129 Fed. 655; *The St. Paul, supra; The Sadie C. Sumner,* 142 Fed. 611; *The Amazon,* 144 Fed. 153; *The Sentinel,* 152 Fed. 564; *Pacific Mail S. S. Co.* v. *Schmidt,* 214 Fed. 513, 520; *The Moshulu,* 276 Fed. 35; *The Acropolis,* 8 F. (2d) 110; *Villigas* v. *United States,* 8 F. (2d) 300; *The Trader, supra; Feldman* v. *American Palestine Line, Inc., supra;* cf. *The City of Montgomery,* 210 Fed. 673, 675; *Burns* v. *Fred L. Davis Co.,* 271 Fed. 439; *Gerber* v. *Spencer, supra; The Lake Galewood,* 21 F. (2d) 987.

The evidence affecting the claim of Rowe is not reviewed, since, as already indicated, there is evidence which, in the light of the statute as now interpreted, supports the concurrent action of the two courts below.

It is unnecessary to pass upon the contention, apparently first made here, that § 4529 does not apply to fishing vessels (see Notes to § 596, Tit. 46, U. S. C. A.), and that the "Dola Lawson," although licensed for the coastwise trade, must be deemed excluded from the operation of the Act because of her use as a fishing vessel.

In view of the unwarranted retention of the amount awarded to petitioners, as wages, by that part of the decree of the District Court from which no appeal was taken, the costs in the Court of Appeals will be divided, two-thirds to appellants and one-third to appellees, and the decree below as so modified will be

*Affirmed.*