## THE EASTERNER.

## VIDAL v. AMERICAN SCANTIC LINES, Inc., et al.

### No. 3065.

Circuit Court of Appeals, Fourth Circuit. Jan. 22, 1931.

Jacob L. Morewitz, of Newport News, Va. (Morewitz & Morewitz, of Newport News, Va., on the brief), for appellant.

George M. Lanning, of Norfolk, Va. (Baird, White & Lanning, of Norfolk, Va., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

PER CURIAM.

This is an appeal from a decree entered in the District Court of the United States for the Eastern District of Virginia in a suit in admiralty brought by appellant claiming waiting time under section 596, title 46 US CA, because of failure to pay wages due him, and also seeking to recover for value of effects alleged to have been left by him on board the steamer at the time he left it. The judge below denied appellant waiting time, and no evidence was introduced with regard to the effects of appellant, and judgment was rendered in his favor for $15.04, fines assessed against him which had not been properly logged and were therefore not deductible from his pay.

Under the decision of the Supreme Court in Collie v. Fergusson et al., 281 U. S. 52, 50 S. Ct. 189, 74 L. Ed. 696, and of this court in the Lake Gaither, 40 F.(2d) 31; The Velma L. Hamlin, 40 F.(2d) 852, and The Corapeak, 46 F.(2d) 262, decided January 13, 1931, the rule is well established that, in order to permit the recovery of waiting time by a seaman, refusal to pay his wages must not have been "in some reasonable degree morally justified." An examination of the record here shows no arbitrary or unjust action on the part of the master, but on the contrary, shows that he acted in a reasonable manner throughout. If there was any conduct that could not be justified, it is the conduct of the appellant himself and not that of the master.

The decree of the court below will accordingly be affirmed.