## THE A. I. BAKER.

### WRIGHT et al. v. AYER & LORD BARGE CO.

### No. 6642.

Circuit Court of Appeals, Sixth Circuit.

April 12, 1935.

ALLEN, Circuit Judge, dissenting.

Robert L. Hogg, of Pt. Pleasant, W. Va. (J. G. F. Johnson, of Pt. Pleasant, W. Va., on the brief), for appellants.

C. C. Grassham, of Paducah, Ky., for appellees.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

The steamer A. I. Baker was owned by the Ayer & Lord Barge Company, which chartered her to the Ayer & Lord Tie Company. The latter company chartered her to McBride Lines, Inc. The appellants were seamen on the steamer while she was in the possession of the McBride Lines. On December 28, 1932, they were discharged and the steamer returned to her owner. On that date there were due them unpaid wages amounting to $870. Thereafter they made repeated demands on the McBride Lines for payment of the wages. On July 12, 1933, they filed a libel against the steamer, the McBride Lines, and the Ayer & Lord Barge Company to recover the $870, with double wages from the date of their discharge to that of the filing of the libel amounting to $14,000. No demand was ever made of Ayer & Lord Barge Company or the Ayer & Lord Tie Company for the wages, and prior to the filing of the libel those companies did not know the wages were due appellants. At the trial it was conceded that there was no liability against the Ayer & Lord Barge Company. No question was made concerning the right of libelants to a lien on the vessel for the wages actually due them. The court adjudged a lien on her for $870 and costs, but refused to hold her liable for double wages for waiting time.

The sole question before us is whether the court erred in refusing to hold the steamer liable for double wages under section 596, 46 USCA, which provides:

"The master or owner of any vessel making coasting voyages shall pay to every seaman his wages within two days after the termination of the agreement under which he was shipped, or at the time such seaman is discharged, whichever first happens. * * * Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court. * * *".

This statute was invoked in Collie v. Fergusson, 281 U. S. 52, 50 S. Ct. 189, 191, 74 L. Ed. 696, where the owner was insolvent and the vessel subject to claims beyond her value. In holding that she was not subject to a lien for double wages because the refusal of the owner to pay the accrued wages was not "without sufficient cause," the court said:

"The words 'refuses or neglects to make payment * * * without sufficient cause' connote, either conduct which is in some sense arbitrary or willful, or at least a failure not attributable to impossibility of payment. We think the use of this language indicates a purpose to protect seamen from delayed payments of wages by the imposition of a liability which is not exclusively compensatory, but designed to prevent, by its coercive effect, arbitrary refusals to pay wages, and to induce prompt payment when payment is possible. Hence we conclude that the liability is not imposed regardless of the fault of the master or owner, or his retention of any interest in the vessel from which payment could be made."

In McCrea v. United States, decided by the Supreme Court January 7, 1935, 55 S. Ct. 291, 79 L. Ed. ——, reargument denied 55 S. Ct. 443, 79 L. Ed. ——, the seaman demanded his discharge and payment of wages due, but failed to keep an appointment with the master and, before payment was required by statute, departed from the vessel without leaving an address. It was held that he could not recover double wages as he had failed to present a case of the master's refusal or neglect without sufficient cause to pay the wages due him. Here the owner did not know, until the libel was filed, that any wages were due the appellants, nor did it know where the appellants were. Until that time there could have been, therefore, no refusal or neglect, without sufficient cause, to pay them. There was no such refusal or neglect after the filing of the libel. McCrea v. United States, supra.

The decree is affirmed.

ALLEN, Circuit Judge, dissents.