**WEISTHOFF et al. v. AMERICAN-HAWAIIAN S. S. CO.***

No. 461.

Circuit Court of Appeals, Second Circuit. July 22, 1935.

*Writ of certiorari denied 56 S. Ct. 140, 80 L. Ed. ——.

Charles R. Hickox and Vernon S. Jones, both of New York City, for appellant.

William L. Standard, of New York City, for appellees.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The libelants shipped as part of the crew of the respondent's steamship Texan at the port of San Francisco for a voyage to Gulf and Atlantic ports and return. While the ship was lying in the harbor at New York on June 2, 1934, at which port it had called in the course of the voyage for which the libelants had signed on, the entire deck crew and that of the engine room were induced by labor agitators to demand that the master settle immediately the West Coast strike of 15,000 longshoremen and seamen; pay the 1929 Shipping Board wage scale; maintain three watches;

all overtime to be paid at the rate of 60 cents per hour; provide more and better food; make no discrimination against any of the crew; discharge no one; and recognize the Marine Workers' Industrial Union.

Obviously it was impossible for the master to comply with some of these demands. The members of the crew refused to work until their demands were satisfied, and likewise refused to leave the ship until police were called aboard. They then left, demanding their wages. At this time a shipping commissioner who had been called into the dispute inquired if the master had the pay roll, to which the master replied that he could not get any money for it on a Saturday afternoon, and so the men left unpaid. The Texan sailed from New York that evening with a new crew hired to replace those who had thus left.

The District Judge held that under these circumstances the libelants were not entitled to double pay, and with this we agree. See McCrea v. United States, 294 U. S. 23, 55 S. Ct. 291, 79 L. Ed. 735; Collie v. Fergusson, 281 U. S. 52, 50 S. Ct. 189, 74 L. Ed. 696. But he found on sufficient evidence that during the voyage watches were broken and the men required to work overtime, contrary to 46 USCA § 673. This entitled the libelants to their discharge at New York upon demand and to be paid their wages earned. O'Hara v. Luckenbach S. S. Co., 269 U. S. 364, 46 S. Ct. 157, 70 L. Ed. 313.

The allegations that they attempted to make a revolt and deserted so as to forfeit their wages under 46 USCA § 701 were not sustained in the District Court, and we do not find more than the making of demands, some of which were ill-advised and called for action they should have known the master could not take, instead of putting their case to him on tenable statutory grounds which entitled them to their discharge and pay. It was rather a case of poor judgment and misunderstanding of their rights than the gross misconduct which will forfeit wages. Compare The Mentor, 17 Fed. Cas. 15, No. 9,427. Accordingly, as we accept the findings as to the character of their conduct, we agree that they are entitled to wages earned.

Decree affirmed.