## BENDER v. WATERMAN S. S. CORPORATION.

### No. 9397.

Circuit Court of Appeals, Third Circuit.
Argued Jan. 21, 1948.

Decided Feb. 11, 1948.

Charles Lakatos, of Philadelphia, Pa. (Wilfred R. Lorry and Freedman, Landy & Lorry, all of Philadelphia, Pa., on the brief), for appellant.

Joseph W. Henderson, of Philadelphia, Pa. (Rawle & Henderson and Harrison G. Kildare, all of Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH and O'-CONNELL, Circuit Judges.

PER CURIAM.

■■ This is an appeal by the libellant, a seaman, from the final decree of the district court in admiralty dismissing his claim against the respondent for double wages under Section 4529 R.S., 46 U.S.C.A. § 596, because of the respondent's refusal to pay him overtime wages which he claimed to be due. The court awarded him the overtime wages which he claimed, amounting to $164, but held that the failure of the respondent to pay this portion of the libellant's wages was not "without sufficient cause" within the meaning of Section 4529. As Judge Ganey said in the opinion of the district court, 69 F.Supp. 15, 21, "The question here raised [as to the libellant's right to the $164 of overtime wages] is not free from difficulty and one cannot say that failure to make the payment was without 'sufficient cause.'" We are in complete agreement with the view thus expressed. The "sufficient cause" to which Section 4529 refers need not amount to a valid legal defense to the claim for wages. Collie v. Fergusson, 1930, 281 U.S. 52, 55, 50 S. Ct. 189, 74 L.Ed. 696. It includes a reason for nonpayment asserted in good faith even though it may ultimately be held not to be a good defense. The Velma L. Hamlin, 4 Cir., 1930, 40 F.2d 852.

■ The decree of the district court will be affirmed.