## PIKNA et al. v. THE TELFAIR STOCKTON et al.

### No. 5875.

United States Court of Appeals
Fourth Circuit.

May 17, 1949.

Sidney H. Kelsey, Norfolk, Va. for appellants.

Leon T. Seawell, Norfolk, Va. (Hughes, Little & Seawell, Norfolk, Va., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal in a suit instituted by 17 seamen of the vessel Telfair Stockton, which docked at Norfolk after a voyage from the Pacific Coast, to recover under 46 U.S.C.A. § 596 for delay in the payment of wages and also to recover damages for alleged refusal to permit libellants to reship for another voyage. The trial judge found that the failure to make payment within twenty-four hours was not without sufficient cause (see Collie v. Ferguson, 281 U.S. 52, 50 S.Ct. 189, 74 L.Ed. 696), and that there was no refusal to permit libellants to reship.

It appears that the vessel docked on April 15, 1948, after an eleven months' voyage. Within the twenty-four hours allowed by statute, the wages of all members of the crew as calculated by the vessel were placed in envelopes in cash and were in the officers' saloon to be delivered as they signed off before the Shipping Commissioner. Libellants did not present themselves with the other members of the crew to sign off and get their wages, because a controversy had arisen as to the overtime to which they were entitled, and because they claimed that they were entitled to be paid certain vacation pay and a 4% increase in wages under an arbitration which had taken place on the Pacific coast.

The District Judge found upon substantial evidence that the paymaster of the respondent company, who was on board the ship with the Shipping Commissioner for the purpose of paying off, offered and agreed that if the men and their union representatives would remain aboard until they finished paying off the remainder of the crew, he would be willing to check the various items in dispute with them and come to an agreement, if possible, and would then attempt to compute also the four per cent increase and the vacation time for each one of the libellants. The judge also found that union representatives did not remain on board and endeavor to reach an agreement on the amount in dispute, and the seamen filed a libel against the ship on April 17, 1948; but that the union representatives did agree to meet with the paymaster on April 20, 1947 and this was done, and that the differences were adjusted, and the men were promptly paid off and signed the articles. Obviously·

it cannot be said that the failure to pay the amounts due the libellants within twenty-four hours after the discharge of the cargo was without sufficient cause.

■ With respect to the claim that the ship refused the libellants an opportunity to reship for another voyage, the District Judge found upon abundant evidence that the libellants could have signed for another voyage if they had so desired, but that they did not ask and did not desire to do so.

Affirmed.