## CHAMBERS v. MOORE–McCORMACK LINES, Inc.

### No. 53 of 1948.

United States District Court
E. D. Pennsylvania.
July 21, 1949.

Freedman, Landy & Lorry, Philadelphia, Pa., for libellant.

Krusen, Evans & Shaw, Philadelphia, Pa., for respondent.

FOLLMER, District Judge.

Libellant is here seeking the imposition of the so-called "2 for 1" penalty provisions of R. S. § 4529, 46 U.S.C.A. § 596. He claims that his wages were wrongfully withheld following his services aboard the Steamship Mark Hanna.

### Findings of Fact

1. The libellant is Lyle T. Chambers.

2. The respondent is Moore-McCormack Lines, Inc.

3. The Steamship "Mark Hanna" was owned by United States of America, acting by and through the United States Maritime Commission, on or about July 28, 1947, and respondent operated said vessel pursuant to the terms of a bareboat charter from the United States of America.

4. The libellant was employed aboard the Steamship "Mark Hanna" in the capacity of Chief Engineer from May 12, 1947, to August 19, 1947, at a monthly wage of $514.00, pursuant to the terms of a written contract embodied in the shipping articles of said vessel.

5. While the vessel was still in the port of New York on May 14, 1947, libellant requested a $200.00 advance from the Master of the vessel; the advance was refused.

6. While the vessel was at sea en route from New York to Norway, libellant exhibited to the Master of the vessel a large supply of ladies' nylon stockings, slips, lingerie, cosmetics, face powder, lipsticks, etc., and admitted at that time that it was in order to purchase these articles that he had requested the advance on May 14, 1947.

7. While the vessel was en route from Oslo, Norway, to Copenhagen, Denmark, the Master issued a written order to libellant to search the engineroom for stowaways and contraband. That order specifically directed libellant to declare any contraband which he had on board, with particular reference to the nylons, lingerie and cosmetics.

8. Libellant declared only 200, or 10 packs of cigarettes.

9. On June 19, 1947, the Danish Custom Authorities found secreted in the void space between the engineers' storeroom and #4 'tween deck, port side, a large quantity of tobacco products, ladies' nylon stockings, face powder, lipstick, and lingerie.

10. The tobacco products were found stowed together in this void space in bundles with the stockings, lingerie and cosmetics in such a way as to indicate that they had been placed there at the same time and by the same person.

11. The nylons, lingerie, cosmetics, etc., were the same type and brand as previously displayed to the Master of the vessel by the libellant.

12. The area in which these articles were discovered was under the sole and exclusive jurisdiction of the libellant as Chief Engineer of the vessel.

13. The manhole cover over this void space in which these articles were discovered is located in the engineers' storeroom.

14. The tobacco products were confiscated by the Danish Custom Authorities and the vessel was fined 2000 kroner, amounting to $415.00 American money, for the possession of such contraband tobacco products.

15. All articles found in this void space were removed from the vessel and the nylons, lingerie and cosmetics were later returned thereto for transportation back to the United States.

16. Libellant subsequently advised the Master of the vessel that he would pay the 2000 kroner fine if the nylons, lingerie and cosmetics were turned over to him.

17. Investigation by the Master of the Steamship "Mark Hanna" and the Copenhagen, Denmark, police failed to cast any suspicion on any other person or persons as being responsible for placing and concealing the tobacco products on the vessel for which the vessel was fined the sum of $415.00 by the Danish Custom Authorities.

18. All of the incidents which had occurred prior to the discovery of the contraband articles and all of the surrounding circumstances and subsequent conduct of the libellant, justified the Master of the vessel in concluding that the libellant was responsible for or at least fully cognizant of the unlawful concealment.

19. Following an investigation conducted by the Master of the vessel, libellant was logged the sum of $415.00 on July 28, 1947, and notice thereof immediately given to him by the Master.

20. Libellant did not comply with the order of the Master of the vessel to properly search the portions of the ship under his jurisdiction, in which the contraband was concealed.

21. Libellant did not declare the contraband articles to the Danish Custom Authorities on the vessel's arrival at Copenhagen.

22. Libellant was not aboard the vessel at the time the crew were paid off at the termination of the voyage, on or about August 19, 1947.

23. Libellant did not protest this logging before the United States Shipping Commissioner, Philadelphia, Pennsylvania, until the latter part of September, 1947.

24. At that time the Commissioner was not in a position to rule on the logging because the vessel had sailed and the Master was not present.

25. By his failure to appear and protest this logging at the termination of the Articles, the libellant precluded any determination as to the legality of the same by the United States Shipping Commissioner, the official who had the authority to determine the propriety of the fine in the first instance.

26. After suit and only in order to terminate the running of penalties in case it should be determined that the withholding was without justifiable cause, the respondent paid the sum of $415.00 to libellant on March 11, 1948.[1]

### Discussion

■ The essential purpose of the section under which this action is brought authorizing recovery of double wages by seamen whose wages are not paid without sufficient cause is to penalize.[2] On the other hand, the phrase "without sufficient cause" must be taken to embrace something more than valid defenses to the claim for wages.[3] It is not every refusal to pay which grounds penalty. It is only arbitrary, unwarranted and unjust conduct which is sought to be penalized;[4] the failure or refusal to pay must be without sufficient cause.

■ The facts as found above, taken in their chronological order, present a picture of unusual continuity and conviction which leads in but one direction, namely, that this libellant either did the unlawful concealing himself or being the officer in charge and having received personal instruction from the Master to properly search the portions of the ship under his jurisdiction and in which the contraband was concealed, actually did or must have had personal knowledge thereof.

Libellant did not appear at the trial, his own testimony was confined to answers to interrogatories propounded to him by defendant.

Counsel for libellant makes much of the fact that libellant was not convicted of smuggling whereby loss or damages were occasioned to the Master or owner; and that investigation by the Master and the Danish authorities failed to disclose the identity of the person or persons who were responsible for placing and concealing the tobacco products on the vessel for which it was fined the sum of 2000 kroner ($415.00) by the Danish Custom Authorities.

■ I find nothing in the statute which would indicate that a conviction or a confession or even eyewitness information available to the Master is required to constitute the requisite sufficient cause.

■ Irrespective of the question of sufficient cause, libellant's claim is totally without merit for the period from August 19, 1947, when he was absent at the time the crew were paid off at the termination of the voyage until he next appeared, the latter part of September, 1947, when he protested the logging before the United States Shipping Commissioner at Philadelphia.[5]

This in my judgment is not the type of case that calls for the infliction of a penalty. I am further of the opinion that the Master had abundant cause to withhold payment of this seaman's wages until the doubt could be removed in the manner and at the time and place provided by law.

---

[1] R.S. 4529, 46 U.S.C.A. § 596.

[2] Butler v. United States War Shipping Administration, D.C.E.D.Pa.1946, 68 F. Supp. 441.

[3] Collie v. Fergusson, 281 U.S. 52, 50 S.Ct. 189, 74 L.Ed. 696.

[4] Glandzis v. Callinicos, 2 Cir., 140 F.2d 111.

[5] The Lake Galewood, D.C.D.Md., 21 F.2d 987.

1012

Conclusions of Law:

1. Under all the facts and circumstances, the Master of the vessel and the respondent were justified in concluding that libellant was responsible for the presence of the articles of contraband aboard the vessel, which resulted in the imposition of the fine.

2. That the sum of $415.00 was withheld from libellant's wages with full and sufficient cause under the circumstances and under the law.

3. The libellant is not entitled to penalties for such withholding.