James W. SWAIN, Jr.

v.

ISTHMIAN LINES, INC.

No. 11 of 1964.

United States District Court
E. D. Pennsylvania.

March 1, 1965.

Dorfman, Pechner, Sacks & Dorfman, Harry Lore, Philadelphia, Pa., for libellant.

Krusen, Evans & Byrne, James F. Young, Philadelphia, Pa., for respondent.

KRAFT, District Judge.

In this suit in admiralty, the libellant seeks to recover, inter alia, double wages under the provisions of 46 U.S.C. § 596 for alleged improper deductions from his wages. The action is presently before us on libellant's motion for summary judgment on that claim alone.

The material facts are undisputed. Libellant joined respondent's vessel, the SS Steel Designer, as a utility messman, on May 11, 1963. He worked on board the vessel through August 16, 1963, when he reported an abnormal physical condition to the chief officer. A physician examined libellant the following day at Suez, Egypt, and diagnosed his illness as the primary stage of syphilis. The doctor supplied the vessel with drugs and medicine for use in libellant's treatment. Libellant was immediately relieved of duty, and his pay stopped.

Libellant signed off the vessel's articles, under protest, on September 3, 1963. Respondent admits the deduction of $43.-02 from libellant's wages as "medical expenses", incurred as above stated. However, respondent paid this sum to libellant on April 1, 1964.

Respondent concedes that its withholding of $43.02 from libellant's wages was contrary to law. The subject has been so recently and thoroughly considered that further elaboration would be a work of supererogation. See Isbrandtsen Co. v. Johnson, 343 U.S. 779, 72 S.Ct. 1011, 96 L.Ed. 1294 (1952); Gonzales v. Isthmian S. S. Co., 1958 A.M.C. 97 (E.D.Pa.1957). It is sufficient to point out that the deduction was not authorized by Congress, and to note that in Johnson, supra, the Court stated (343 U.S. p. 788–789, 72 S.Ct. p. 1017):

> "From this, we conclude that Congress has preempted the area relating to deductions and set-offs based upon derelictions of duty as against a seaman's claim to his wages. Congress has gone so far in expressly listing such deductions and set-offs that it is a fair inference that those not listed may not be made."

The sole question presented is whether the two-to-one penalty of § 596 must be imposed. That section provides, inter alia, that a master or owner who refuses or neglects to make payment of a seaman's wages as therein directed "without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods * * *" However, in Collie v. Fergusson, 281 U.S. 52, 56, 50 S.Ct. 189, 191, 74 L.Ed. 696 (1930), the Supreme Court stated it as the general rule: "That the liability is not incurred where the refusal

to pay is in some reasonable degree morally justified, or where the demand for wages cannot be satisfied either by the owner or his interest in the ship, has been the conclusion reached with practical unanimity by the lower federal courts."

After an extended review of the cases, we agree with Chief Judge Kirkpatrick's conclusion in Johnson v. Isbrandtsen Co., 91 F.Supp. 872, 873 (E.D.Pa.1950): "It may be that there was and is practical unanimity in the lower federal courts so far as the general principle is concerned but it is almost impossible to reconcile the way in which the courts have applied it to the various fact situations which the cases presented."

Libellant's claim, as we understand it, is for a penalty period of 212 days at $19 per day, a total claim of $4028. Considering the amount withheld, and the circumstances attending the deduction, we think neither the terms of the statute nor the cause of justice require any such result. There is nothing before us to indicate that respondent's action was arbitrary or unscrupulous, or that it was inspired by any other consideration than an honest, albeit mistaken, belief that it was within its rights in making the deduction. On the other hand, libellant had contracted a dangerous and virulent disease, apparently—although we do not so decide—through his own misconduct. Proper regard for the health and safety of the ship's company, as well as of libellant himself, dictated prompt remedial measures. Respondent's expenditure undeniably enured to libellant's own benefit. To require respondent to bear this expense out of its own pocket, and, in addition, to penalize respondent because it reasonably, withal mistakenly, believed that, in the circumstances, libellant should pay his own medical expenses, seems unduly harsh and inequitable. Respondent nevertheless violated the statute, however innocently.

"The period during which the penalty accumulates is to be determined by the equities of the particular case."

Prindes v. S. S. African Pilgrim, 266 F. 2d 125, 128 (4th Cir. 1959). The equities of the instant case, in our view, limit libellant's recovery to $570.

### ORDER

Now, March 1st, 1965, it is ordered that:

1. Libellant's motion for summary judgment be, and it is, granted.

2. Judgment be, and it is, entered in favor of libellant, James W. Swain, Jr., and against respondent, Isthmian Lines, Inc., in the sum of $570.