**J. Charles COHEN, Plaintiff-Appellant,**

v.

**S/S CONSUMER, her engines, boilers, tackle, appurtenance, etc., in rem and Sea-Land Service, Inc., in personum, Defendants-Appellees.**

No. 84–2189.

United States Court of Appeals, Fifth Circuit.

Nov. 19, 1984.

Newton B. Schwartz, Harold L. Sosebee, Jr., Houston, Tex., for plaintiff-appellant.

Eastham, Watson, Dale & Forney, Joseph Newton, Houston, Tex., for defendants-appellees.

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

J. Charles Cohen appeals the granting of summary judgment in favor of Sea-Land Services, Inc. (Sea-Land), on the issue of Sea-Land's liability for double wage penalties under 46 U.S.C. § 596. Cohen argues that a check issued by Sea-Land which was lost by Cohen did not constitute payment of wages under Section 596; thus, the double wage penalty provision of section 596 was triggered. For the reasons stated below, the district court is affirmed.

## I. *Facts*

The pertinent facts are not in dispute. J. Charles Cohen, the appellant, was a crew member on board the S/S CONSUMER from November 24, 1982, to January 17, 1983. Sea-Land Service, Inc., (Sea-Land) the appellee, owns the CONSUMER. At issue in this lawsuit is a paycheck issued and delivered by Sea-Land to Cohen on December 31, 1982, in the net amount of $550.[1] This check represented wages earned through that date on that part of the voyage. The check was issued pursuant to a collective bargaining agreement between Sea-Land and the Seafarers International Union which requires payment of wages on December 31 for income tax purposes. Cohen received payment for the remainder of the voyage upon his discharge from the CONSUMER.

While the CONSUMER was in port at Rotterdam in early January, Cohen went ashore with the check in his possession. Cohen went to a bar where he eventually ran out of cash. He left his unendorsed paycheck with the owner of the bar, and told him to "deduct whatever I owe you out of it." Cohen stated that he had intended to return to the bar the next day to pay the bar owner, but the CONSUMER sailed before he had the chance to return to the bar and retrieve the check.

Cohen attempted to retrieve or replace the check on several occasions. While the voyage was still underway, phone calls and telexes were sent from the ship to Sea-Land's Rotterdam agent in an attempt to retrieve the check or to have it cashed, the debt paid, and the difference sent to Cohen. Upon arrival in Houston at the end of the voyage, Cohen spoke with a Sea-Land agent at Morgan's Point. He explained his problem and asked the agent to stop payment on the original check and issue him a second check to replace it. The agent at least agreed to take it up with the paymaster, according to Cohen's deposition testimony. Three weeks later, the Sea-Land agent spoke with a union official, Joe Perez, who was calling on Cohen's behalf. The agent stated that he was told not to stop payment on the original check and not to issue a new one. Sea-Land admits that the check never resulted in any transfer out of Sea-Land's bank account.

Cohen filed a complaint under 46 U.S.C. § 596 in district court, alleging that Sea-Land "withheld" $839 from his wages on or about January 17, 1983, the date of his second paycheck.[2] Cohen also demanded Sea-Land pay the double wage penalty for "withholding of wages from a seaman without sufficient cause." 46 U.S.C. § 596.[3] The day the complaint was filed, Sea-Land paid $839 into the Registry of Court.

Sea-Land filed a motion for summary judgment with respect to its liability beyond $550, the net amount of the paycheck. The district court granted Sea-Land's motion, entering a $550 judgment for Cohen

---

1. The gross amount of wages due on December 31, 1982 was approximately $834.

2. That figure approximately equals his gross pay of $834 on December 31, 1982.

3. 46 U.S.C. § 596 provides in full:

 The master or owner of any vessel making coasting voyages shall pay to every seaman his wages within two days after the termination of the agreement under which he was shipped, or at the time such seaman is discharged, whichever first happens; and in case of vessels making foreign voyages, or from a port on the Atlantic to a port on the Pacific, or vice versa, within twenty-four hours after the cargo has been discharged, or within four days after the seaman has been discharged, whichever first happens; and in all cases the seaman shall be entitled to be paid at the time of his discharge on account of wages a sum equal to one-third part of the balance due him. Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court; but this section shall not apply to masters or owners of any vessel the seamen of which are entitled to share in the profits of the cruise or voyage. This section shall not apply to fishing or whaling vessels or yachts.

 The material provisions of Section 596 now appear at 46 U.S.C. § 10313(f)–(g), Pub.L. 98–89, 97 Stat. 556 (August 26, 1983).

and summary judgment for Sea-Land on the double wage penalty claim. Cohen filed notice of appeal in a timely manner.

II. *The Check Constituted Payment Under Section 596*

Cohen appeals the granting of Sea-Land's motion for summary judgment. It is proper for the district court to grant such a motion "only when there is no genuine issue of material fact." *Domangue v. Eastern Air Lines, Inc.*, 722 F.2d 256, 259 (5th Cir.1984). Considering the evidence in the light most favorable to Cohen, *McPherson v. Rankin*, 736 F.2d 175, 177–78 (5th Cir.1984), there are no genuine issues as to the material facts. Sea-Land concedes the check was never paid and that it did not issue a replacement check. Cohen does not dispute the circumstances surrounding his loss of the check. Thus, there being no genuine issue as to any material fact, the question becomes whether Sea-Land "is entitled to a judgment as a matter of law," with respect to its liability beyond the $550 judgment. Fed.R.Civ.P. 56(c). *McPherson v. Rankin*, 736 F.2d at 178.

The district court concluded that the facts in this case did not trigger the double wage penalty in section 596. This Court agrees. Because Sea-Land's check to Cohen constitutes payment for purposes of section 596, the double wage penalty provision of section 596 is inapplicable.

The double wage penalty provision of section 596 provides:

> Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay the seaman a sum equal to two days' pay for each and

every day during which payment is delayed....

46 U.S.C. § 596.

 In order for this double wage penalty to be invoked, two requirements must be met: (1) the master or owner of the vessel must have refused or failed to pay the seaman his wages within the periods specified, and (2) this failure or refusal must be without sufficient cause. If these requirements are met, the penalty is mandatory for each day wages are withheld. *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982).

 Cohen argues that mere delivery of the check did not constitute payment.[4] Sea-Land argues that its payment by check to Cohen on December 31, 1982, was "payment" within the time limits specified in the statute. In the limited context of the facts in the instant case, this Court holds that Sea-Land's check to Cohen constituted "payment" for the purposes of section 596.

Cohen's wages were paid to him on December 31, 1982, pursuant to a requirement in the collective bargaining agreement between Sea-Land and the Seafarers International Union. That agreement provides:

> On December 31st of each year of this agreement, all unlicensed personnel, whether at sea or in port, shall be entitled to receive *all monies due them in the form of a check or other instrument which, under IRS rules, shall be deemed as constructive receipt of said money.*

Exhibit B–2, Record at 56 (emphasis added). At least as far as this particular check is concerned, the collective bargaining agreement clearly provides that Sea-Land's

---

4. Cohen relies on *Home Insurance Indemnity Co. v. Gutierrez*, 409 S.W.2d 450 (Tex.Civ.App.—Corpus Christi 1966 writ. ref. n.r.e.), for the proposition that the delivery of the check did not constitute payment under section 596. That case states that "[i]n the absence of an agreement, a check ... does not of itself discharge or constitute payment of a debt," 409 S.W.2d at 456. Here an agreement addresses that very issue. The collective bargaining agreement calls for payment on December 31 of "all mo-

nies ... in the form of a check or other instrument which, under IRS rules, shall be deemed as constructive receipt of said money." Exhibit B–2, Record at 56. Moreover, this is an action in admiralty, and federal admiralty law not state law controls. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959); *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 409, 74 S.Ct. 202, 204, 98 L.Ed. 143 (1953). For these reasons, Guiterrez is not controlling in the instant case.

check constituted constructive receipt of the wages paid Cohen. Because this Court holds that the first requirement of Griffin has not been met, we need not reach the question of whether Sea-Land acted without sufficient cause.

■ Sea-Land's failure to issue a replacement check also does not trigger the penalty provisions of section 596. Section 596 is designed "to protect seamen from delayed payment of wages by the imposition of a liability ... designed to prevent, by its coercive effect, arbitrary refusals to pay wages, and to induce prompt payment when payment is possible." *Collie v. Fergusson*, 281 U.S. 52, 55–56, 50 S.Ct. 189, 191, 74 L.Ed. 696 (1930). Sea-Land maintains, and this Court agrees, that Cohen's failure to cash the check through his own actions does not present the kind of 'arbitrary and unscrupulous action' by the shipowner that the statute was designed to prevent. *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 572, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982).

What little authority there is on Section 596 suggests that the double wage provision should not apply where the non-receipt of wages was the fault of the seaman. *See e.g., McCrea v. United States*, 294 U.S. 23, 55 S.Ct. 291, 79 L.Ed. 735 (1935) (penalty provisions do not apply where seaman missed appointment to hear the outcome of a wage dispute, and then left the vessel without leaving an address). In *The Ella Pierce Thurlow*, 18 F.2d 675, 676 (E.D.Va. 1926), *aff'd as modified sub nom, Swanson v. Torry*, 25 F.2d 835 (4th Cir.1928), the court observed:

> The statute is intended to protect the seaman against the arbitrary and unwarranted acts of the master, but where the fault is wholly, as in this case, with the seaman, it would be an injustice to exact the penalty.

There, as here, the delay in receipt of wages is the seaman's fault.

■ Sea-Land was entitled to wait until it was assured it would not be held liable on the check it had previously issued to Cohen, before offering to replace Cohen's check. To hold otherwise would penalize the master or owner of a ship for situations not of their own making.

In light of this authority, and the purposes of the statute, we decline to find that Sea-Land is liable for double wages for its refusal to place a stop payment on the check and reissue the check. Cohen cites no authority for this proposition, and it would be an injustice to apply the double wage penalty in the instant case.

III. *Conclusion*

Because the original issuance of the check satisfied the statute, because Sea-Land does not contest the $550 judgment in favor of Cohen, and because Cohen has cited no authority for the proposition that Sea-Land was under a legal obligation to stop payment on the first check and to furnish a replacement check for the check lost, it was proper for the district court to grant summary judgment in favor of Sea-Land on the double wage penalty claim. The district court is

AFFIRMED.