**Richard H. CLINTON, Appellant,**

v.

**JOSHUA HENDY CORPORATION, Appellee.**

**No. 16723.**

United States Court of Appeals Ninth Circuit.

March 29, 1960.

Richard H. Clinton, Los Angeles, Cal., in pro. per.

Robert Sikes, Los Angeles, Cal., for appellee.

Before BARNES, HAMLIN and JERTBERG, Circuit Judges.

PER CURIAM.

Title 46 U.S.C.A. § 596 provides in substance that every master or owner of any vessel who refuses or neglects, without sufficient cause, to pay wages due to seamen at the time and in the manner specified shall pay to the seamen a sum equal to two days pay for each and every day during which payment is delayed beyond the respective periods fixed in said section. Appellant instituted a libel in admiralty against the appellee to recover expenditures made for maintenance and cure following a shipboard accident. Appellant recovered a judgment, which said judgment was paid and satisfied. In his first amended libel appellant alleges that he became disabled as a result of an accident which occurred on September 18, 1954, and that appellee had the obligation to pay the libelant maintenance at the rate of $8.00 per day, totaling $56.00, and "on September 27, 1954 there arose a claim for double penalty of $16.00 per day for maintenance due at $8.00 per day" which continued "until said wages due are paid as is provided in 46 U.S. C.A. [§] 596".

The only question presented to the district court, and to this Court, is whether maintenance payments are to be considered as wages under the provisions of Title 46 U.S.C.A. § 596, and therefore subject to the double penalty in the event of nonpayment.

The district court dismissed appellant's action on the ground that maintenance is not wages and that non-payment thereof does not subject appellee to the penalty.

We agree. See Robinson v. Swayne & Hoyt, Ltd., D.C., 33 F.Supp. 93; Norris "The Law of Seamen," Volume 2, section 574, page 198.

The order appealed from is affirmed.