Edward W. NELSON, Libelant-Appellant,

v.

MOORE–McCORMACK LINES, INC., Respondent-Appellee.

No. 144, Docket 27133.

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1961.

Decided Jan. 2, 1962.

Murray Gartner, New York City, for libelant-appellant.

John J. Crowley, New York City (Francis I. Fallon and Burlingham, Hupper & Kennedy, New York City, on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and MOORE and HAYS, Circuit Judges.

PER CURIAM.

■ Appellant on August 23, 1955 signed on appellee's vessel as radio officer under articles calling for a voyage from San Francisco to various points "and back to a final port of discharge on the west coast of the United States, for a term of time not exceeding nine months." On October 24, 1955, the vessel purported to terminate its voyage by discharging cargo and paying off its crew in New York. Appellant claims that it was error for the trial court to refuse him damages in the form of wages for the rest of the maximum nine-month period, arguing that the voyage was not terminated in New York in fact, and that in any event his articles entitled him to wages until such time within that period as the ship returned to the west coast. We do not find clear error in Judge Murphy's finding of fact that the voyage was terminated in New York, and agree with his conclusion of law that appellant was entitled to no more than the expenses of transportation (including wages and board for the travel time) to the west coast which appellee paid all the other members of the crew and offered to pay appellant. We adopt Judge Murphy's reasoning in support of this conclusion in his opinion reported at 201 F.Supp. 40 (S.D.N.Y.1961).

■■ Appellant also attacks the denial of penalty wages under 46 U.S.C. § 596 for appellee's failure to make prompt payment of his accrued wages at the time of his discharge. On this point we also affirm on the reasoning in the opinion below. Appellee was justified in refusing to pay so long as appellant refused to sign the customary mutual release. The record shows that the shipping commissioner advised appellant that he could reserve his right to contest his discharge by signing "under protest," and that appellee was willing to accept such a release. As appellant did not choose to comply with this customary and reasonable requirement, he cannot enforce the penalty.

Affirmed.