Jose **Y. MAURI**

v.

**S.S. SAG HARBOR, her boilers, engines and tackles, etc.**

and

**Terrace Navigation Company, a body corporate.**

**Admiralty No. 4346.**

United States District Court
D. Maryland.

March 25, 1964.

John J. O'Connor, Jr., and O'Connor & Preston, Baltimore, Md., for libelant.

Carlyle Barton, Jr., and Niles, Barton, Gans & Markell, Baltimore, Md., for Terrace Navigation Co.

**662**

THOMSEN, Chief Judge.

The first cause of action alleged in the libel herein is a conventional claim for maintenance and cure. The second alleges that respondents have refused without sufficient cause to pay the maintenance and cure due libelant, and he claims two days maintenance and cure for each and every day during which payment thereof is delayed, "in accordance with the provisions of the United States Code, Title 46, Section 596". That section provides:

"The master or owner of any vessel making coasting voyages shall pay to every seaman his wages within two days after the termination of the agreement under which he was shipped, or at the time such seaman is discharged, whichever first happens; and in case of vessels making foreign voyages, or from a port on the Atlantic to a port on the Pacific, or vice versa, within twenty-four hours after the cargo has been discharged, or within four days after the seaman has been discharged, whichever first happens; and in all cases the seaman shall be entitled to be paid at the time of his discharge on account of wages a sum equal to one-third part of the balance due him. Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court; but this section shall not apply to masters or owners of any vessel the seamen of which are entitled to share in the profits of the cruise or voyage. This section shall not apply to fishing or whaling vessels or yachts."

The exceptions filed to the second cause of action must be sustained. Payments for maintenance and cure are not wages. Clinton v. Joshua Hendy Corp., 9 Cir., 277 F.2d 447 (1960), appeal dismissed, 364 U.S. 292, 81 S.Ct. 77, 5 L.Ed.2d 39; Norris, The Law of Seamen, 2d Ed., Vol. 1, § 576, p. 654.

The provisions in the Working Agreement between Various Companies and Agents and the National Maritime Union, cited by libelant, do not transform maintenance and cure into wages.[1]

Libelant's motion to amend his libel to add a third cause of action claim-

1. "ARTICLE V—HOLIDAYS AND LIVING CONDITIONS
"Section 6. Maintenance and Cure Benefits. (a) Crew members who are entitled to maintenance under the general maritime law doctrine of wages and maintenance and cure on account of injury or illness incurred in the service of the ship shall be paid maintenance at the rate of eight dollars ($8.00) per day, with payments to be made once weekly.
"Wages, maintenance and cure, under such doctrine, shall not be withheld in any case merely because the claimant has also submitted a claim for damages or has filed suit for or has taken steps toward that end.
"(b) In the event a crew member must leave his vessel in a foreign port because of illness or injury incurred in the service of the vessel, he shall promptly receive a full statement of his account, showing wages due him, excepting overtime payments. Further, he shall receive eight dollars ($8.00) per day maintenance and cure from the time of his discharge from the hospital until return transportation is made available.
"(c) During the period referred to in subparagraph (b) when the crew member is awaiting return transportation, the $8.00 per day is to be paid at least weekly by the Company to cover the expense of lodging and subsistence, provided the United States Consul does not simultaneously advance money for the same purpose. However, if the Company is required to furnish lodging and subsistence because the $8.00 advance is not used by the crew member for this purpose, the cost to the Company may be debited against wages earned or unearned, up to but not exceeding the sum of $8.00 per day. If the crew member is unable to obtain lodging and subsistence for $8.00 per day, upon request the Company will furnish same but will not be obligated to pay the $8.00 in addition thereto."

ing a reasonable counsel fee because of respondents' alleged refusal, without sufficient cause, to pay the maintenance and cure due libelant, will be granted. Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962).

The exceptions to the second cause of action are hereby sustained. Leave to amend as requested is hereby granted.