John K. KORINIS, Plaintiff,

v.

SEALAND SERVICES, INC., Defendant.

No. 79 Civ. 1034 (HFW).

United States District Court,
S. D. New York.

June 2, 1980.

Herbert Lebovici, New York City, for plaintiff.

Walker & Corsa, New York City, for defendant; Joseph T. Stearns, New York City, of counsel.

## OPINION

WERKER, District Judge.

This action was commenced by the plaintiff John K. Korinis, a seaman, against the defendant Sea-Land Service, Inc., sued herein as Sealand Services, Inc., and is before the Court on the defendant's motion for summary judgment pursuant to Fed.R. Civ.P. 56.

## FACTS

■ The relevant facts, for purposes of this motion, are as follows.[1]

At all relevant times, plaintiff was a member of the Masters, Mates & Pilots Association (the "Union"). He was assigned to work as a second mate aboard the

SS Oakland on July 17, 1978 at the Union's New York hiring hall. On the evening of July 17th, he flew to London and arrived in Rotterdam the following afternoon. He reported to the defendant's agent in Rotterdam that day, and boarded the vessel the following day. The defendant contends that the plaintiff was not required to travel until July 18, 1978, and that the plaintiff left on July 17th by his own choice. The plaintiff, however, denies that he was instructed by the defendant to fly to Rotterdam on the 18th.

At the time the plaintiff joined the SS Oakland, articles had already been opened for a voyage then in progress; the plaintiff replaced another second mate aboard the vessel. The voyage continued until September 12, 1978, at which time the articles were closed and the members of the crew, including the plaintiff, were paid for their services. Plaintiff was not paid for July 17, 1978, and an excess sum of $1,441.13 was erroneously withheld from his wages for withholding taxes. The $1,441.13 was paid in February 1979, prior to the commencement of this lawsuit. Additionally, after the commencement of this action, plaintiff was tendered $140.66 to cover his wages for July 17, 1978; defendant, however, apparently intends to counterclaim to recoup the one day's pay.

After the pay-off at Rotterdam on September 12, 1978, new articles were opened. During the subsequent voyage, the plaintiff allegedly worked a number of overtime hours. On December 19, 1978, plaintiff was discharged for treatment of a duodenal ulcer. At that time plaintiff was paid his wages, but did not receive payment for the overtime. Because of difficulties in obtaining passage to the United States, plaintiff was asked and agreed to be hospitalized in Greece. He traveled to Greece at his own expense. On February 26, 1979, he was declared "fit for duty" by his treating phy-

---

1. The plaintiff did not submit a counter-Rule 9(g) statement as required by Local Rule 9(g). He did, however, submit a sworn affidavit setting forth his version of the facts. For purposes of this motion, the facts contained in the defendant's 9(g) statement not contested by the plaintiff are deemed admitted. Additionally, where there are conflicting factual allegations, the facts as alleged by plaintiff are taken as being true. To the extent possible, inferences have been drawn in the plaintiff's favor.

sician. At that time he was paid unearned wages and maintenance and cure from December 19, 1978 through February 26, 1979. The articles under which plaintiff was employed did not terminate until April 12, 1979, and the voyage did not end until April 16, 1979.

Plaintiff presently seeks (1) payment for overtime wages earned during the voyage commencing in September 1978, (2) liquidated damages pursuant to 46 U.S.C. § 596 for the unpaid overtime, (3) liquidated damages pursuant to 46 U.S.C. § 596 for the withholding of the one day's pay and the $1,441.13, (4) reimbursement for his airfare to Greece, and (5) payment for unearned wages from February 26, 1979 through the termination of articles on April 12, 1979.

The defendant's motion for summary judgment is based on the following grounds: (1) the $1,441.13 withheld, albeit erroneously, for taxes does not constitute "wages withheld" within the meaning of section 596, (2) alternatively, the $1,441.13 was not withheld "without sufficient cause," (3) maintenance and cure are payable only until a seaman has been cured and unearned wages are payable only until the seaman is fit or the end of the voyage, whichever occurs first, (4) plaintiff failed to exhaust his contractual remedies as required by the applicable collective bargaining agreement, and (5) alternatively, the amounts withheld for overtime and for July 17, 1978 were not withheld "without sufficient cause" within the meaning of section 596.

## DISCUSSION

The collective bargaining agreement between the Union and the defendant contains grievance and arbitration provisions. Section XXXVI of the agreement provides that all disputes relating to the interpretation or performance of the agreement are to be resolved first, by a Licensed Personnel Board, and second, if necessary, by arbitration.

It is well settled that an employee generally cannot bring suit against his employer for breach of a collective bargaining agreement until he has first exhausted any exclusive grievance and arbitration procedures established by the agreement. *Vaca v. Sipes*, 386 U.S. 171, 184, 87 S.Ct. 903, 913, 17 L.Ed.2d 842 (1967). This exhaustion doctrine, however, does not apply to suits brought under 46 U.S.C. §§ 596, 597; seamen may sue for wages and liquidated damages under sections 596 and 597 without first exhausting any contractual dispute resolution procedures. *U. S. Bulk Carriers, Inc. v. Arguelles*, 400 U.S. 351, 91 S.Ct. 409, 27 L.Ed.2d 456 (1971).

In the instant case, the plaintiff did not exhaust the exclusive grievance and arbitration procedure established by the collective bargaining agreement. His claims that do not fall within the scope of sections 596 and 597 are therefore barred by the exhaustion doctrine.

Section 596 of Title 46 provides:

The master or owner of any vessel making coasting voyages shall pay to every seaman his wages within two days after the termination of the agreement under which he is shipped, or at the time such seaman is discharged, whichever first happens; and in case of vessels making foreign voyages, or from a port on the Atlantic to a port on the Pacific, or vice versa, within twenty-four hours after the cargo has been discharged, or within four days after the seaman has been discharged, whichever first happens; and in all cases the seaman shall be entitled to be paid at the time of his discharge on account of wages a sum equal to one-third part of the balance due him. Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court . . . .

Section 596, like section 597, applies only to claims for "wages." *Monteiro v. Sociedad Maritima San Nicolas, S. A.*, 280 F.2d

568, 573 (2d Cir.), *cert. denied,* 364 U.S. 915, 81 S.Ct. 272, 5 L.Ed.2d 228 (1960). The second circuit has defined "wages" as being "the compensation paid by an employer for services rendered to him by others . . . ." *Glandzis v. Callinicos,* 140 F.2d 111, 113–14 (2d Cir. 1944).

■ Claims for transportation expenses and unearned wages are not claims for compensation for services rendered, *see Nelson v. Moore-McCormack Lines, Inc.,* 297 F.2d 936, 937 (2d Cir.), *cert. denied,* 369 U.S. 873, 82 S.Ct. 1142, 8 L.Ed.2d 276 (1962); *Ladzinski v. Sperling Steamship & Trading Corp.,* 300 F.Supp. 947, 952–60 (S.D.N.Y. 1969); *Mauri v. S. S. Sag Harbor,* 227 F.Supp. 661, 662 (D.Md.1964), and thus do not fall within the scope of section 596. On the other hand, compensation for overtime services rendered to an employer by an employee are wages within the meaning of sections 596 and 597, notwithstanding the defendant's contention otherwise. *See U. S. Bulk Carriers, Inc. v. Arguelles,* 400 U.S. at 352, 91 S.Ct. at 410 (claims for "basic" and "overtime" wages); *Monteiro v. Sociedad Maritima San Nicolas, S. A.,* 280 F.2d at 573; *compare Kowalik v. General Marine Transport Corp.,* 550 F.2d 770 (2d Cir.), *cert. denied,* 434 U.S. 830, 98 S.Ct. 111, 54 L.Ed.2d 89 (1977).[2] *See also Suissa v. American Export Lines, Inc.,* 507 F.2d 1343 (2d Cir. 1974) (claim for overtime wages considered under section 596 but rejected on ground that withholding was not without sufficient cause). Additionally, compensation for time spent traveling to a ship at the employer's request after dispatch also constitutes, in my opinion, "wages" within the meaning of section 596. Accordingly, the claims for transportation expenses and unearned wages must be dismissed for failure to exhaust the procedures required by the collective bargaining agreement. Since the claims for overtime wages and the one day's pay for July 17, 1978 do fall within section 596, they may be prosecuted in this Court at this time even though the plaintiff has failed to exhaust the mandated procedures.

■ Summary judgment as to the claims for the one day's pay and overtime wages must be denied, for material questions of fact exist as to the merits of these claims. An employee of the defendant states that he instructed the plaintiff on July 17, 1978 to fly to Rotterdam on July 18, 1978, affid. of Charles R. Garner, sworn to Nov. 13, 1979, at ¶ 3, but the plaintiff denies that he was so instructed. Affid. of John K. Korinis, sworn to Nov. 28, 1979, at 7. Material questions of fact also exist as to the entitlement of the plaintiff to overtime wages and the amount of overtime wages due, if any. Moreover, issues of fact exist as to whether these sums were withheld "without sufficient cause." *See Manetas v. International Petroleum Carriers, Inc.,* 541 F.2d 408 (3d Cir. 1976) (reversing district court's granting of summary judgment dismissing claim for overtime wages and damages under section 596).

■ The claim for liquidated damages for the erroneous withholding of the $1,441.13 for withholding taxes can be resolved at this point, however, for no genuine question of material fact has been adequately raised as to this issue. There is no dispute that the amount was withheld as part of a sum being retained for withholding taxes. The defendant has submitted a sworn affidavit of its chief paymaster and a payroll printout which indicate that the mistake in withholding was caused by a keypunch error. Affid. of Norman Wilson, sworn to Nov. 9, 1979, at ¶ 2 & exh. A. The defendant sought to reimburse the plaintiff for the amount erroneously withheld, and

---

2. The plaintiff seaman in *Kowalik* sued for overtime wages under a collective bargaining agreement. Because the voyage in question involved coastwide trade, section 596 was not applicable. 46 U.S.C. § 544. Additionally, the complaint contained no allegation that the plaintiff made his claim for overtime wages known at the end of the voyage; hence, the claim that the employer failed to pay any "wages due" could not have been sustained, since it was not alleged that the employer knew or should have known that wages were in fact due. Finally, it was clear that the action was not being brought under section 596. For these reasons, the second circuit upheld the dismissal of the action for failure to exhaust. 550 F.2d 771–72. For these same reasons, the *Kowalik* case is distinguishable from the instant one.

issued a check on November 17, 1978, only approximately one month after that first voyage ended. *See* Wilson affid., at ¶ 3 & exh. B. The plaintiff did not receive this first check, but when the defendant was made aware of this fact, a second check was issued to the plaintiff on February 23, 1979, prior to the commencement of this action. This second check was received and endorsed by the plaintiff. *See* Wilson affid., at ¶¶ 4, 5, & exh. C.

Section 596 " 'confers no right to recover double wages where the delay in payment of wages due was not in some sense arbitrary, willful, or unreasonable.' " *Conte v. Flota Mercante Del Estado*, 277 F.2d 664, 672 (2d Cir. 1960), quoting *McCrea v. United States*, 294 U.S. 23, 30, 55 S.Ct. 291, 294, 79 L.Ed. 735 (1935). In the instant case, the plaintiff has presented no evidence whatsoever that would indicate that the delay in payment of the $1,441.13 was in any way arbitrary, wilful or unreasonable. Nor has he adduced any evidence that would indicate that this amount was "withheld without sufficient cause." The defendant, as an employer, was required by law to withhold a certain portion of the plaintiff's salary for tax purposes. Although the defendant made an error in the amount withheld, there can be no question, on the basis of the evidentiary materials presently before the Court, that this error was made inadvertently and in good faith. In light of the defendant's overwhelming evidence of sufficient cause, the plaintiff's conclusory allegation that a question of fact exists as to whether there was sufficient cause to withhold is not enough to withstand the motion for summary judgment. It should be noted that the plaintiff has not even alleged bad faith; he has simply stated without support that a question of fact exists on this issue. *See SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978) ("Rule 56(e) provides that when a motion for summary judgment is supported by the documents listed in Rule 56(c) . . . an adverse party may not rest upon mere conclusory allegations or denials. The party opposing summary judgment must set forth 'concrete particulars' . . . . It is not sufficient

merely to assert a conclusion without supplying supporting arguments or facts in opposition to the motion.") (citations omitted).

## CONCLUSION

In accordance with the above, the motion for summary judgment is granted in part and denied in part. The plaintiff's claims for transportation expenses, unearned wages and liquidated damages for the amount erroneously withheld for taxes are hereby dismissed. The only claims remaining to be tried are the claims for one day's wages for July 17, 1978, overtime wages for the voyage commencing September 13, 1978, and liquidated damages for both.

SO ORDERED.