**James WHITE, Plaintiff,**

v.

**WATERMAN STEAMSHIP CORP., Defendant.**

No. CIV.A. G–03–1026.

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 10, 2005.

Charles F. Herd, Jr., The Lanier Firm, Houston, TX, for Plaintiff.

Robert L. Klawetter, Eastham Watson Dale & Forney, Houston, TX, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFF'S CLAIM FOR PENALTY WAGES

KENT, District Judge.

This is a Jones Act case. Now before the Court is Defendant's Motion for Partial Summary Judgment. For the following reasons, Defendant's Motion is **GRANTED**.

### I.

Plaintiff worked as Second Assistant Engineer aboard Defendant's vessel, the M/V ATLANTIC FOREST. On July 19, 2004, while the vessel was near Egypt, Plaintiff and another crew member were moving five-gallon buckets. The buckets were not sealed or marked in any way as hazardous. The liquid in the buckets spilled onto Plaintiff, causing chemical burns to his legs and feet. On July 23, 2003, Plaintiff was declared unfit for duty by a doctor in Port Said, Egypt. He was discharged on July 24, the next day, and arrived in the United States on July 25.

Plaintiff filed suit, alleging causes of action under the Jones Act, 46 U.S.C. § 688; unseaworthiness; maintenance and cure; and under 46 U.S.C. § 10313 for penalty wages. Defendant filed this Motion for Partial Summary Judgment only as to Plaintiff's claim for penalty wages.

## A. Standard of Review

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When one party moves for summary judgment, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. *See id.* at 248, 106 S.Ct. at 2510. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; rather, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See id.* at 247–48, 106 S.Ct. at 2510. Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the non-moving party, summary judgment should not be granted. *See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Dixon v. State Farm Fire & Cas. Co.,* 799 F.Supp. 691 (S.D.Tex.1992) (noting that summary judgment is inappropriate if the evidence could lead to different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

## B. Plaintiff's Claim for Penalty Wages Under 46 U.S.C. § 10313

█ Congress has provided that a ship owner who wrongfully withholds earned wages from a seaman must pay double wages for each day that the wages are wrongfully withheld. The text of the statute is as follows:

> At the end of a voyage, the master shall pay each seaman the balance of wages due the seamen within ... 4 days after the seaman is discharged .... When payment is not made ... without sufficient cause, the master or owner shall pay to the seaman 2 days' wages for each day payment is delayed.

46 U.S.C. § 10313(f), (g). The Supreme Court in *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 570, 102 S.Ct. 3245, 3249, 73 L.Ed.2d 973 (1982), identified two conditions which must be satisfied in order for a seaman to be entitled to the payment of double wages: (1) the master or owner failed or refused to pay wages within the specified period, and (2) this failure or refusal to pay was without sufficient cause. *See also* 46 U.S.C. § 10313.

### 1. Earned Wages

Defendant argues that Plaintiff received all of his earned wages within the prescribed time period and that therefore the wage penalty statute does not apply. Plaintiff claims that he was not paid for his work on June 29, his first date on board the M/V ATLANTIC FOREST, and that he did not receive his 10% ammunition bonus. Plaintiff's paycheck stub shows that the pay period commenced on June 30. Plaintiff also claims that payment was not timely because, although his paycheck was issued on July 28, the fourth day after he was discharged, Defendant cannot prove that the check was mailed that same day.

█ Plaintiff may have raised a genuine issue of material fact as to whether he was paid for his work on June 29 or received his 10% ammunition bonus, but that does not automatically entitle him to penal-

ty wages. The purpose of this statute, whose origins date back to 1790, is to protect seamen from "arbitrary and unscrupulous" refusals of their employers to pay their wages. Requiring ship owners to pay seamen their wages promptly was intended to prevent ship owners from using the threat of nonpayment to force seamen to release the ship of all claims. *See Petersen v. Interocean Ships, Inc.,* 823 F.2d 334, 336 (9th Cir.1987); *Fanos v. Maersk Line, Ltd.,* 246 F.Supp.2d 676, 680 (S.D.Tex.2003), *aff'd* 363 F.3d 358 (5th Cir. 2004). The text of the statute makes clear that penalty wages do not apply every time a seaman's wages are not paid in a timely manner. Only when the failure to pay is "without sufficient cause" is a seaman entitled to penalty wages. 46 U.S.C. § 10313(g). "Without sufficient cause" means "either conduct which is in some sense arbitrary or willful, or at least a failure not attributable to impossibility of payment." *Collie v. Fergusson,* 281 U.S. 52, 55, 50 S.Ct. 189, 191, 74 L.Ed. 696 (1930); *Fanos v. Maersk Line, Ltd.,* 363 F.3d 358, 362 (5th Cir.2004). Penalty wages are appropriate only when the employer has acted in a "dishonest or very high-handed way." Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 4–4 (4th ed.2004).

 There is no evidence whatsoever that Defendant intentionally withheld Plaintiff's wages for his work on June 29 or has arbitrarily or willfully refused to pay him those wages. A simple accounting error in the calculation of a seaman's wages does not qualify as arbitrary or willful so as to invoke the draconian penalties under 46 U.S.C. § 10313. *See Henry v. S/S Bermuda Star,* 863 F.2d 1225, 1241 n. 70 (5th Cir.1989) ("We do caution at this juncture that the double wage penalty is not triggered merely by a wrongful withholding. The 'without sufficient cause' standard of § 10313(g) requires the unlawful withholding must be arbitrary or unreasonable."); *Korinis v. Sealand Servs., Inc.,* 490 F.Supp. 418 (S.D.N.Y.1980) (holding that seaman could not recover double wages for employer's good faith mistake in withholding excessive sum for taxes).

Nor is there any merit to the Plaintiff's contention that the Defendant cannot show that it timely paid his wages because it cannot prove beyond cavil that the check was mailed on the date it was issued. Brooke Grehan, a corporate officer, testified by affidavit that it is Defendant's customary business practice to mail payroll checks as soon as they are issued but that Defendant does not maintain an independent record of the date payroll checks are mailed to crew members. Plaintiff has presented no evidence contradicting this other than to suggest that it may not be true. Had Plaintiff received his paycheck in September or October, that might raise a question of fact as to when it was mailed. But there is nothing to suggest that Plaintiff did not receive his paycheck in late July or early August.

It would be inconsistent with the purpose of 46 U.S.C. § 10313 to impose penalty wages when there is no evidence that Defendant did not make a good faith effort to comply with it. Therefore, Defendant's Motion for Partial Summary Judgment is **GRANTED**, and Plaintiff's claim for penalty wages under 46 U.S.C. § 10313 for his work on June 29 and his ammunition bonus is **DISMISSED WITH PREJUDICE.**

2. *Unearned Wages and Union Benefit Plan Contributions*

 Plaintiff asserts in his Complaint that he is entitled to penalty wages for lost past and future wages, unpaid maintenance and cure, and lost union benefit plan contributions. Defendant argues in its Motion for Partial Summary Judgment that the wage penalty statute applies only to wages earned before discharge. Plain-

tiff does not address these issues in its Response, instead focusing only on whether Plaintiff is entitled to penalty wages for his work on June 29 and his ammunition bonus. This Court agrees with Defendant that the Plaintiff is not entitled· to penalty wages for any lost past and future wages, unpaid maintenance and cure benefits, and lost union benefit plan contributions. Lost union benefit plan contributions are outside the scope of the wage penalty statute where the benefits are paid to the seaman's union and not directly to the seaman. *See Fanos v. Maersk Line, Ltd.,* 363 F.3d 358, 360–362 (5th Cir.2004) (holding that vacation benefits paid to a seaman's union under a collective bargaining agreement are outside the scope of the wage penalty statute because the union, not the master or owner of the vessel, is responsible for distributing those benefits). Unpaid maintenance and cure benefits are also outside the scope of the wage penalty statute. *See Lipscomb v. Foss Mar. Co.,* 83 F.3d 1106, 1110 (9th Cir.1996) (holding that the wage penalty statute "obviously . . . has no relation to [maintenance-wage-cure] wages which . . . reflect the law's concern for the seamen becoming sick, disabled, or ill in the service of the ship") (quoting *Isthmian Lines v. Haire,* 334 F.2d 521, 523 (5th Cir.1964)); *Alier v. Sea Land Service, Inc.,* 465 F.Supp. 1106, 1110 (D.P.R.1979) (holding that the wage penalty statute "applies only to earned wages and does not apply to unearned wages to which the seaman is entitled after his discharge from the vessel."). Furthermore, it would not comport· with the express language of the wage penalty statute to include lost past and future wages within its scope. The statute merely provides that the master or owner of the vessel must pay the seaman "the balance of wages due . . . within 4 days after the seaman is discharged." 46 U.S.C. § 10313. Lost wages are, by definition, wages that the seaman could have earned but did not

because of his· incapacity. Thus, they do not accrue until after he is discharged. *See Alier,* 465 F.Supp. at 1111 ("The date that the. seaman leaves the ship, either upon his discharge or at the end of the voyage if no discharge occurs before that time, fixes the time of the operation of the [wage penalty] statute."). Plaintiff provides no support for his contention that the wage penalty statute includes lost wages, and he does not even argue this point in his Response. Therefore, Defendant's Motion for Partial Summary Judgment is **GRANTED** and Plaintiff's claim for penalty wages for lost wages, unpaid maintenance and cure benefits, and unpaid union benefit plan contributions are **DISMISSED WITH PREJUDICE.**

## II.

For the reasons stated above, Defendant's Motion for Summary Judgment is **GRANTED** in its entirety, and Plaintiff's claim for penalty wages under 46 U.S.C. § 10313 is hereby **DISMISSED WITH PREJUDICE.** Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**