**James Edward LARKINS, Appellant,**

v.

**HUDSON WATERWAYS CORP.,**
**Appellee.**

**No. 78–2578.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 3, 1980.

Decided March 6, 1981.

Robert E. Martin, Franklin, Bennett, Ofelt & Jolles, Portland, Or., for appellant.

John R. Brooke, Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for appellee.

Before ALARCON and CANBY, Circuit Judges, and HOFFMAN, Senior District Judge.*

PER CURIAM:

Appellant Larkins seeks wages allegedly owed to him by appellee Hudson Waterways Corporation, along with penalties under 46 U.S.C. § 596 for refusal to pay those wages. A United States Magistrate found that Larkins was not entitled to claimed overtime pay and to wages lost while he pursued his claims against Hudson. The magistrate also found that Larkins was not entitled to double wages as a penalty for Hudson's refusal to pay him wages which Hudson admittedly owed to him. The magistrate's opinion was adopted by the district court. Larkins appeals the decision. We affirm.

## THE FACTS

On October 8, 1974, Larkins signed on as third mate on the S.S. Suamico, a merchant vessel operated by Hudson. The ship proceeded from Los Angeles to Yokohama, Japan, where the voyage ended prematurely. On November 15, most of the crew returned to the United States. On November 18, Larkins' employment was terminated, and he returned to Los Angeles.

After returning to the United States, Larkins made several wage claims against Hudson. He did not submit a written voucher for the additional pay, as required by Hudson and the collective bargaining agreement, although the rest of the crew did. Nor did he rely on the grievance procedure outlined in the agreement. Instead, he elected to pursue his claims in federal

* The Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

court. While he tried to collect his wages, Larkins refused to sign off the Suamico. He claims that as a result he missed an opportunity for work on another ship.

At trial, Hudson conceded that it had mistakenly withheld payment of some of Larkins' claims. Hudson argued, however, that it withheld payment because Larkins failed to present his claims in writing. Larkins admitted that he did not submit a voucher for additional pay at the end of the voyage, as did the rest of the crew. A company representative testified that he relied on these vouchers to pay off the crew because the information about overtime and other additional pay was available from no other source.

The magistrate found that Larkins had supplied very little information about his claims to Hudson. Hudson therefore had "sufficient cause" to delay its payments to him, and the double-wage penalty of § 596 did not apply. The magistrate also found that Larkins was not entitled to wages lost while he pursued his claims against Hudson, since he would have avoided the loss by invoking the grievance process. Finally, the magistrate found that Larkins had failed to prove his claim for overtime pay.

### DOUBLE WAGE PENALTY

46 U.S.C. § 596 imposes upon owners of vessels making foreign voyages a duty to pay seamen their wages within 24 hours after the cargo has been discharged or within four days after the seamen have been discharged, whichever occurs first. The statute further provides:

> Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods. . . .

■ The penalty is mandatory if a shipowner withholds payment of wages without sufficient cause. *Escobar v. S. S. Washington Trader*, 503 F.2d 271 (9th Cir. 1974), *vacated on other grounds, sub nom. American Trading Transportation Co. v. Es-*

*cobar*, 423 U.S. 1070, 96 S.Ct. 852, 47 L.Ed.2d 80 (1976); *Swain v. Isthmian Lines, Inc.*, 360 F.2d 81, 87–88 (3d Cir. 1966). In this case, the magistrate found, and Hudson admits, that it failed to pay at the proper time certain wages earned by Larkins. The question which remains is whether Hudson had sufficient cause to delay the payment of those wages. We agree with the magistrate that Hudson did have sufficient cause to delay payment. The statutory penalty therefore does not apply.

■ The phrase, "without sufficient cause," as used in § 596 means more than the absence of a valid defense to the claim for wages. Otherwise, it adds nothing to the meaning of the statute. *Collie v. Fergusson*, 281 U.S. 52, 55, 50 S.Ct. 189, 191, 74 L.Ed. 696 (1930). In other words, a wrongful withholding alone does not establish the absence of sufficient cause. *Swain v. Isthmian Lines, Inc.*, 360 F.2d at 83 n.5. The penalty is assessed only when the delay in payment is somehow arbitrary or unreasonable. *Collie v. Fergusson*, 281 U.S. at 55, 50 S.Ct. at 191; *McCrea v. United States*, 294 U.S. 23, 30, 55 S.Ct. 291, 294, 79 L.Ed. 735 (1935). We cannot say that Hudson's conduct in this case was either arbitrary or unreasonable.

■ Larkins decided to forego the grievance process outlined in the collective bargaining agreement and to pursue his claims in federal court. That was his right. It is well settled that a seaman is not required to exhaust grievance procedures before seeking a resolution of his wage claims in court. *United States Bulk Carriers, Inc. v. Arguelles*, 400 U.S. 351, 356, 91 S.Ct. 409, 412, 27 L.Ed.2d 456 (1971). But Larkins also refused to submit his claim in writing, as required by his employer. Hudson required all seamen to submit claims for additional wages in writing. We do not find such a requirement unreasonable. A shipowner may impose reasonable requirements upon seamen who seek resolution of wage disputes. *Thomas v. S.S. Santa Mercedes*, 572 F.2d 1331, 1335 (9th Cir. 1978); *Nelson v. Moore-McCormack Lines, Inc.*, 297 F.2d

936, 937 (2d Cir.), *cert. denied*, 369 U.S. 873, 82 S.Ct. 1142, 8 L.Ed.2d 276 (1962). When a seaman does not abide by such reasonable requirements, the shipowner has sufficient cause to refuse payment. *Thomas v. S.S. Santa Mercedes*, 572 F.2d at 1335. The requirement of a written demand seems particularly reasonable in this case. The written pay vouchers were an integral part of the shipowner's accounting system. The vouchers submitted by the crew were the only source of information about additional pay claims available to Hudson's payroll department. Under the circumstances, requiring a written demand is neither arbitrary nor unreasonable. *See Kelley v. University of Hawaii*, 252 F.Supp. 273, 274 (D.Haw.1966).

 We emphasize that we are not requiring a seaman to comply with every procedural oddity imposed upon him by his employer before suing for wages in federal court. It is clear that a shipowner may not in any way circumvent § 596 by private agreement. *Arguelles v. United States Bulk Carriers, Inc.*, 408 F.2d 1065, 1071 (4th Cir. 1969), *aff'd*, 400 U.S. 351, 91 S.Ct. 409, 27 L.Ed.2d 456 (1971). But a seaman should not be able to attack a shipowner for refusing to pay him wages until the seaman has made an effective demand for those wages. *United States v. McCrea*, 294 U.S. at 32, 55 S.Ct. at 295; *Swain v. Isthmian Lines, Inc.*, 360 F.2d at 87–88 n.26. A shipowner should not be penalized for failing promptly to pay a claim when he does not know the particulars of the claim.

### LARKINS'S OTHER CLAIMS

 The magistrate also denied Larkins's claims for overtime pay and for wages lost while he pursued his claims against Hudson. The magistrate found that Larkins had failed to prove that he was entitled to the claimed overtime pay. This court will not disturb such a finding unless it is clearly erroneous. *Thomas v. S.S. Santa Mercedes*, 572 F.2d at 1335. After reviewing the evidence presented to the magistrate, we cannot say that this ruling was clearly wrong. The magistrate also

found that Larkins was not entitled to the lost wages because he could have avoided the loss by filing a grievance. We disagree that Larkins was obligated in any way to choose the grievance procedure over federal court, but we find in the record no reason why Larkins had to remain personally in southern California to pursue his claim. Therefore, the magistrate's ruling that he was not entitled to the lost wages was not erroneous.

AFFIRMED.