**Richard J. CHRETIEN,**
**Plaintiff, Appellant,**

v.

**EXXON COMPANY, U.S.A.,**
**Defendant, Appellee.**

**Richard J. CHRETIEN,**
**Plaintiff, Appellee,**

v.

**EXXON COMPANY, U.S.A.,**
**Defendant, Appellant.**

**Nos. 88–1690, 88–1691.**

United States Court of Appeals,
First Circuit.

Heard Dec. 5, 1988.
Decided Dec. 22, 1988.

Daniel J. Harkinson, Manchester, N.H., with whom Cooper, Hall, Whittum & Shillaber, P.C., Rochester, N.H., was on brief, for plaintiff.

Timothy G. Kerrigan with whom Hamblett & Kerrigan P.A., Nashua, N.H., was on brief, for defendant.

Before CAMPBELL, Chief Judge, COFFIN and SELYA, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

Richard J. Chretien, a seaman, brought this action for wages and penalties pursuant to 28 U.S.C. § 1916 (1982) against his employer, Exxon Company, U.S.A. In the summer of 1982, Exxon advanced Chretien $700 in cash to cover any expenses Chretien might incur in attending a management conference. Under company policy, Exxon would not recoup this $700 provided that Chretien submitted to Exxon an employee expense record that would account for the expenditure of the advanced money. However, Exxon never received such a report from Chretien. After ten months of repeated efforts to get Chretien to submit this report, Exxon withheld the $700 from Chretien's wages while Chretien was at sea.

Nearly two years after this withholding, Chretien brought this action, alleging that Exxon wrongfully withheld $700 from his wages. Chretien sought to recover not only the $700, but also the double-wage penalty provided by 46 U.S.C. § 596 (1982) (repealed and recodified at 46 U.S.C. §§ 10313(e)–(i), 10504 (Supp.I 1983)) because the withholding was allegedly without "sufficient cause."[1] After a bench trial, the district court found that Exxon was not liable for the double-wage penalty because there was "sufficient cause" for the withholding, and, moreover, that Chretien's action was barred by the doctrine of laches. Chretien appeals from these rulings. We find no error in the district court's rulings as to sufficient cause and laches, and affirm the judgment below substantially for the reasons stated in the district court's May 2, 1988 memorandum opinion.[2] *Chretien v. Exxon Co.*, 701

---

1. Section 596 requires that owners of vessels making certain voyages promptly pay seamen their wages within certain specified time periods after the cargo or the seamen have been discharged. Owners who do not comply with this requirement "without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods...."

2. Exxon filed a cross-appeal arguing that 46 U.S.C. § 544 (1982) (repealed by Act of August 26, 1983, Pub.Law No. 98–89, § 4(b), 97 Stat. 599) exempts it from section 596's double-wage penalty. Section 544 provides that "None of the provisions of [section 596] shall apply to sail or steam vessels engaged in the coastwise trade, except the coastwise trade between the Atlantic and Pacific coasts...." The district court rejected this argument, ruling that Exxon was not entitled to this exemption because the voyage at issue in this case (between a Texas port on the Gulf of Mexico coast and the California coast) was "coastwise trade between the Atlantic and Pacific coasts." Exxon claims this was error because the Gulf of Mexico coast cannot be considered a part of the Atlantic coast. We do not address this issue, however, because, even assuming section 596 applies to this case, Exxon has established "sufficient cause" for withholding Chretien's wages and is thus not liable for the double-wage penalty. We, therefore, dismiss Exxon's cross-appeal as moot.

F.Supp. 266 (D.N.H.1988). We add the following observations.

■ The weakness of Chretien's case lies in his failure to appreciate that he is not necessarily entitled to prevail simply because the deduction made by Exxon may well have been wrongful in the sense of being unauthorized by statute and contrary to admiralty law. A "wrongful withholding alone does not establish the absence of sufficient cause" under the penalty provision of section 596. *Larkins v. Hudson Waterways Corp.*, 640 F.2d 997, 999 (9th Cir.1981) (seaman's failure to submit written claim for additional wages constituted sufficient cause to delay payment of wages). Besides being contrary to law, a withholding must also be "arbitrary, wilful or unreasonable." *McCrea v. United States*, 294 U.S. 23, 30, 55 S.Ct. 291, 294, 79 L.Ed. 735 (1935). *See also Collie v. Fergusson*, 281 U.S. 52, 55–56, 50 S.Ct. 189, 191, 74 L.Ed. 696 (1930); *Vinieris v. Byzantine Maritime Corp.*, 731 F.2d 1061, 1064 (2d Cir.1984). *See generally* Annot., 64 A.L.R.Fed. 693 (1983).

■ After reviewing the record, we find no clear error in the district court's finding that Exxon was not arbitrary or unreasonable in withholding the entire $700 from Chretien's wages. *See* Fed.R.Civ.P. 52(a) (findings of fact by district court shall not be set aside unless clearly erroneous). Chretien argues in his brief on appeal that Exxon was arbitrary in two respects: 1) Instead of deducting the entire $700 from Chretien's wages, Exxon could have estimated the expenses Chretien might have incurred at the conference and only charged Chretien the difference between this estimated amount and the $700 cash advance. 2) Instead of docking his wages, Exxon could have either billed Chretien for the estimated amount he owed the company or taken it out of non-wage payments to Chretien which were not statutorily protected. While it is possible that Exxon *could* have taken these measures, it does not follow that Exxon's failure to do so was arbitrary or unreasonable. As the district court stated,

The evidence depicted an employer advancing funds, which if accounted for, would not have been recouped at all. The evidence further depicted the conscientious efforts of the defendant in notifying the plaintiff of the necessity to submit an expense report, so that the plaintiff would not have to remit the funds advanced. The evidence tends to show that it was the plaintiff who was willful and arbitrary in failing to respond to the efforts of the defendant with respect to the delinquent expense account.

Under all the circumstances, we are not persuaded that the lower court erred in determining that Exxon was not unreasonable or arbitrary in withholding the $700 from Chretien's wages. Given this, the court could properly decide that the withholding was not "without sufficient cause." 46 U.S.C. § 596.

■ We consequently affirm the district court's ruling that Exxon was not liable for the double-wage penalty under section 596. For the reasons amply stated in its memorandum opinion, we also affirm the district court's ruling, on the particular facts as found and described therein, that Chretien's action was barred by the doctrine of laches. *See Puerto Rican–American Insurance Co. v. Benjamin Shipping Co.*, 829 F.2d 281, 283 (1st Cir.1987) (application of the doctrine is within the "sound discretion" of the district court).

*In No. 88–1690, the judgment of the district court is affirmed. In No. 88–1691, the appeal is dismissed as moot. Costs to Exxon.*