82 F.3d 423
 1996 A.M.C. 2995
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Truman K. REDDING, Plaintiff-Appellant,
v.
M/V PEMBINA, her engine, tackle, apparel, furniture, etc.,
in rem, Defendant-Appellee.
 No. 94-16894.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1996.
Decided April 11, 1996.
 
 1
 Before: HALL and BRUNETTI, Circuit Judges, and WEINER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Truman K. Redding, a seaman, sues the owner of a vessel on which he worked. Redding contends that the master of the ship improperly withheld his bonus wages and social security taxes and that the owner is therefore liable for statutory penalty wages under 46 U.S.C. § 10313. The district court granted summary judgment for the owner, finding that the master had sufficient cause for withholding Redding's wages. We affirm.
 
 I.
 
 4
 Redding seeks relief pursuant to 46 U.S.C. § 10313(f) and (g), which provide:
 
 
 5
 (f) At the end of a voyage, the master shall pay each seaman the balance of wages due the seaman within 24 hours after the cargo has been discharged or within 4 days after the seaman is discharged, whichever is earlier....
 
 
 6
 (g) When payment is not made as provided under subsection (f) of this section without sufficient cause, the master or owner shall pay to the seaman 2 days' wages for each day payment is delayed.
 
 
 7
 46 U.S.C. § 10313. Redding challenges the district court's determination that the owner, Seaborne, was not liable for penalty wages under subsection (g) because the master, Pearcy Marine, had "sufficient cause" to withhold Plaintiff's wages.
 
 
 8
 We have held that the phrase "without sufficient cause" found in subsection (g) means "a willful, unreasonable and arbitrary attitude on the part of the master or shipowner in refusing to pay earned wages to the seamen." Mateo v. M/S Kiso, 41 F.3d 1283, 1289 (9th Cir.1994) (quoting 1 Martin J. Norris, The Law of Seamen § 17:5, at 517-519 (4th ed. 1985)); see also Larkins v. Hudson Waterways Corp., 640 F.2d 997, 999 (9th Cir.1981). So long as "the refusal or failure to pay wages results from an honest difference of opinion arising from a matter in dispute," a court should not find the withholding of wages to be "without sufficient cause" under subsection (g). Mateo, 41 F.3d at 1289. As this case was determined by summary judgment, we must consider whether, viewing the evidence in the light most favorable to Redding, a reasonable factfinder could conclude that Pearcy Marine's withholding of Redding's bonus wages or social security taxes was "without sufficient cause" as defined in our caselaw.
 
 II.
 
 9
 Summary judgment was appropriately granted with respect to Redding's claimed bonus wages. Redding contends that Pearcy Marine improperly withheld bonus wages that Larry Moseley, a Vice President of Operations at Pearcy Marine from 1988 to October 1990, orally promised Redding when he hired Redding in 1990. While the evidence Redding submits in support of this contention would be sufficient to raise a triable issue of fact as to whether Redding has a valid contract claim against Pearcy Marine for bonus wages, it is insufficient to raise a triable issue as to whether Pearcy Marine's refusal to pay the bonus was "without sufficient cause." Redding has presented no evidence upon which a reasonable factfinder could conclude that James Pearcy, the Pearcy Marine official responsible for withholding Redding's asserted bonus wages, was aware of the fact that Redding was promised a nondiscretionary bonus. Unless Pearcy was aware of Moseley's promise, Pearcy's reliance on the employment manual to deny Redding's bonus wages was not "without sufficient cause" under § 10313(g). Accordingly, summary judgment was appropriately granted on Redding's bonus wages claim.
 
 III.
 
 10
 In addition to bonus wages, Redding contends that $2,167 in social security deductions were withheld without sufficient cause. We agree with the district court that, even assuming Redding was entitled to this money, he has failed to present evidence indicating that Pearcy Marine's refusal to pay the excess taxes on discharge was arbitrary or unreasonable.
 
 
 11
 Redding states in his declaration that he "advised" Kathleen and James Pearcy that excess social security taxes had been deducted from his 1991 wages. This statement is insufficient to overcome summary judgment, however, because it fails to indicate that Redding explained the basis of such a claim with sufficient particularity to require Pearcy Marine to pay it. See Larkins, 640 F.2d at 1000 ("A shipowner should not be penalized for failing promptly to pay a claim when he does not know the particulars of the claim."). Although Redding is entitled to all reasonable inferences that may be drawn from his declaration, it is unreasonable to infer that he adequately explained his claim to the Pearcys when: (1) the written document presented to the Pearcys to support his claim is a mere listing of taxes withheld and provides no explanation for the claim; (2) his attempt to explain his claim to the district court relies on a regulation (26 C.F.R. § 404.1049) that does not exist; and (3) even if he adequately established that excess taxes were withheld, he would have had to explain why Pearcy Marine, and not the federal government, should have refunded them. Because Pearcy Marine's refusal to refund Redding's social security taxes was not arbitrary or unreasonable, summary judgment was appropriately granted on Redding's social security claim.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3